(99 App. Div. 274)

PEOPLE ex rel. NEW YORK EDISON CO. v. FEITNER et al., Tax Com'rs.

(Supreme Court, Appellate Division, First Department. December 9, 1904.)

1. TAXATION—ELECTRIC WIRES AND PIPES—REAL ESTATE.
   Wires or pipes on private property, where the person owning and laying them has no interest in the property, and no right to use it except in connection with a contract to supply the property with electricity, are not taxable as real estate.

Appeal from Special Term, New York County.

Certiorari by the people, on the relation of the New York Edison Company, as successor of the Edison Electric Illuminating Company of New York, against Thomas Feitner and others, as commissioners of taxes and assessments of the city of New York. From an order setting aside an assessment, the commissioners appeal. Affirmed.

See 80 N. Y. Supp. 140; 83 N. Y. Supp. 1114.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

George S. Coleman, for appellants.
Henry J. Hemmens, for respondent.

INGRAHAM, J. This proceeding was brought to review the action of the commissioners of taxes in assessing the property of the

relator subject to taxation for the year 1901. Upon the hearing the court appointed a referee to take proof and report "whether the foundations, sub and super structures, cable conduits, pipes, wires, and connections assessed as the real property of the relator were owned by it, and were situated wholly or in part upon private property, and not in, upon, under, or above any street, highway, public place, or public waters." The referee took the proof submitted to him, and reported that the relator introduces its service to its customers just within the building line, or at the most convenient point where the customers' property ends; that the company's terminal consists of a switch, which is inside of the house line, and from that switch there are run out cables which are connected with the mains which run up and down the streets in the center or on the sides; that the conduit to the switch upon private property goes through the wall of the building with which the switch is connected, and that the wires connecting the meters and the switches belong to the company; that on the 1st of January, 1901, there were probably 12,000 of such services or connections belonging to the company; that $2 a service would be a very high valuation of the amount of material that the company had inside the building line—or $24,000; and, as a conclusion of law, that the assessment of $80,000 upon the wires, connections, and meters which were situated wholly or in part upon private property, and not in, upon, under, or above any street, highway, or public place, or public waters as aforesaid, should be sustained, for the reason that no application was made for the reduction of the same, and for the further reason that it is established that such property amounted in value to above $24,000, and that over and upon such property the commissioners of taxes and assessments of the city of New York had jurisdiction for the purposes of assessment. Upon this report having been presented to the Special Term, the motion by the defendants to adopt the findings of fact and conclusions of law in so far as the same advised that the assessment of $80,000 on the wires, connections, and meters which were situated wholly or in part upon private property the fee of which was not in the relator, and not in, upon, under, or above any street, highway, or public place or public waters should be sustained as valid, and to make the same the findings of fact and conclusions of law of the court, was denied, and it was ordered that the said assessment of $80,000 as originally fixed by the tax commissioners be vacated and set aside, and from that order the defendants appeal.

This assessment was sustained by the learned referee upon the ground that these switches, wires, and meters were real estate, subject to assessment as such. The Special Term disagreed with the learned referee, holding, in substance, that the relator had no interest or right in the real estate through which the wires were run from the public street to the buildings which it supplied with electricity; and that, therefore, the defendants were without jurisdiction to assess the relator as the owner of real estate, and for that reason the assessment should be vacated; and with this con-

clusion of the Special Term we agree. The relator, a company organized to supply electricity upon the property of private individuals or corporations, conveys the electricity through the public streets. It makes its connections from the wires in the streets to the private houses or buildings where such electricity is used. This connection remains in possession only so long as the owner or occupant of the house continues to use the electricity. These wires and conduits from the street to the house or building in which electricity is used are maintained by the relator as a part of its undertaking to supply the electric current to the building. It acquires no right to use the real property except to make the connection necessary to carry out its arrangement to furnish electricity, and such connection is maintained at the option of the owner or occupant of the building so long as he continues to use the electricity. It certainly could not be claimed that stringing an overhead wire from a pole in the street to the top of a building to be used for telegraph, telephone, or electric lighting purposes would give the company stringing the wire for such use an interest in the real estate upon which the building is erected; and I cannot see that it makes any difference running the wire underground. The relator acquires no right to continue this use of the real property, and no interest in the property. At any moment the connection may be cut off by the owner of the property, or the relator itself could discontinue its service. Under such a contract the relator acquires no right in or to real estate, and its wires or fixtures used to carry out its contract do not become in any sense real property, as distinct from the property upon which they are located.

The learned referee based his conclusion upon two cases. The first is People ex rel. National Starch Company v. Waldron, 26 App. Div. 527, 50 N. Y. Supp. 523. The property in question in that case was machinery, pumps, and other tools, shafting and pulleys in the relator's building upon property owned by it at Oyster Bay. The land was valued at $200,000, and the machinery, etc., was valued at $130,000. The relator was a foreign corporation, with its principal place of business in the county of New York; and the question submitted was whether this machinery and other fixtures were a part of the real property, and should be assessed in Queens county, or personal property, to be assessed in the county of New York. The conclusion of the court was that for the purposes of assessment the machinery had become a fixture and a part of the realty; and that this machinery was properly assessed as real estate in Queens county. The other case is Herkimer C. L. & P. Co. v. Johnson and others, Assessors of the City of Little Falls, 37 App. Div. 257, 55 N. Y. Supp. 924. In that case the same question was presented. The relator owned property in the city of Little Falls. Upon this property there was certain personal property annexed and used for the purpose of the relator's business of manufacturing and supplying gas, electric light, heat, and power; and the question was whether the gashouse, the gas-generating apparatus, and 8 miles of gas pipes and mains laid underground and through the streets of the city of Little Falls,

and 500 poles and 15 miles of line wire for the distribution of electricity to its customers in the city were real estate, as designated by the tax law, and assessable in the tax district where situated, and the court held that they were. This decision was based upon the third subdivision of section 2 of the tax law (c. 908, p. 796, of the Laws of 1896). That statute provides that "all mains, pipes, and tanks laid or placed in, upon, above, or under any public or private street or place for conducting * * * electricity or any property, substance, or product capable of transportation or conveyance therein or that is protected thereby" should be real estate, and taxable as such; but there is no provision of the tax law to which our attention has been called which includes as real property wires or pipes upon private property, where the persons owning and laying wires have no interest in the property, and have no right to use the property except in connection with a contract to supply the property with electricity. If these wires became affixed to the freehold, they became the property of the owner of the freehold. If they did not become affixed to the freehold so as to become fixtures, then they retained their character as personal property, and were assessable as a part of the personal property of the corporation, and not as real estate. I am therefore of the opinion that the commissioners were without jurisdiction to assess this property as real estate of the relator, and for that reason the assessment was properly vacated.

It follows that the order appealed from must be affirmed, with costs.

PATTERSON, HATCH, and LAUGHLIN, JJ., concur. VAN BRUNT, P. J., concurs in result.