(45 Misc. Rep. 12.)

PEOPLE ex rel. NEW YORK EDISON CO. v. FEITNER et al., Tax Com'rs.

(Supreme Court, Special Term, Oneida County. August, 1904.)

1. TAXATION—ELECTRIC METERS.

Switches, wires, and meters of an electric lighting company, installed on property belonging to different individuals, to whom the lighting company was furnishing electricity, are not assessable as real estate to such company.

2. SAME—VOID ASSESSMENT—SETTING ASIDE.

A void and illegal assessment may be attacked at any time without the filing of preliminary objections.

Certiorari by the people, on the relation of the New York Edison Company, successors of the Edison Electric Illuminating Company of New York, against Thomas L. Feitner and others, tax commissioners. Motion to confirm a referee's report. Modified.

Beardsley & Hemmens, for relator.

John J. Delany, Corp. Counsel, for respondents.

McCALL, J. This is a motion to confirm a referee's report made in a proceeding to review an assessment fixed against the Edison Electric

Illuminating Company for the year 1900, up to and including the second Monday in January, 1901: First, upon the personal property or capital stock of the company; and, second, upon the cables and conduits owned by the company, assessed as real estate. To the personal assessment as established by the respondents herein objections were filed by the relator within the prescribed limit of time, and it conceded that to the assessment of conduits, cables, etc., as real estate, no objections were filed. The assessment on the personalty made by the commissioners amounted to $1,664,850. The assessment upon the cables and conduits of the company amounted to $80,000. When the matter was reached for a hearing under the writ to review the commissioners' action in establishing the foregoing assessments an order of reference was entered, directing the referee—

"To take and report to this court with all convenient speed (with his findings of fact and conclusions of law, which shall constitute a part of the proceedings upon which the determination of the court shall be made) evidence upon the following points, to wit: First, whether the foundation, sub and super structures, cables, conduits, pipes, wires, and connections assessed as the real estate of the relator were owned by it, and were situated wholly or in part upon private property, and not in, upon, under, or above any street, highway, public place, or public water; second, all the other issues of law and fact arising herein upon the assessment of the personal property (capital stock and surplus) of said relator," etc.

Acting within the scope of the authority so vested in him, the learned referee proceeded to take testimony; and it, together with his findings on the facts and his conclusions as to the law, he has presented to the court in his report, which we now have before us, and which shall go to constitute a part of the proceedings upon which the determination of the court shall be made. As to the conclusion reached by the learned referee upon the question of the assessment on the personalty of the relator, reducing the same to $364,580, both sides seemingly acquiesce—the relator in asking for the confirmation of so much of the referee's report as refers to that feature, and the respondents by asserting in their brief they will not urge that any error has been committed by the referee in this regard. So, therefore, the court accepts that portion of it, and makes it its determination. I regret to say that I am wholly at opposites, and cannot agree with the learned referee on the question of the $80,000 assessment levied on the conduits, cables, etc., of the relator as real estate. He has practically found that in January, 1901, in some 12,000 cases throughout our city, on private properties not owned by this relator, but belonging to different individuals to whom the company was furnishing electricity, they (the company) had switches, wires, and meters; and then, applying the doctrine of Herkimer County Light & Power Co. v. Johnson, 37 App. Div. 257, 55 N. Y. Supp. 924, and People ex rel. National Starch Co. v. Waldron, 26 App. Div. 527, 50 N. Y. Supp. 523, which he asserts is conclusive in the case at bar, he determines that these switches, wires, and meters are real estate, subject to assessment as such, and, although he finds the value of same to be but about $24,000, yet, because no objection had originally been taken to the action of the commissioners in fixing the amount at $80,000, he (the referee) is prohibited from entering upon the question of the quantum of the assessment, and hence

the original amount must stand.   I cannot find myself in consonance with either of these views.

In my judgment, under the facts revealed by this record, the declaring of these mere incidents to the conduct of this relator's business to be real estate—situated, as the learned referee reports them to have been, not upon property owned by it, but upon the lands of the individuals to whom it was supplying electricity—was a pure fiction, without support of any law that I have been able to find or apply.   What is and what is not real estate may perhaps be a somewhat unsettled question, but, in my judgment, it is carrying theory too far to make the holdings of a citizen real estate while a municipality is predicating a tax upon it, and then, after that operation is complete, to have that which was declared tangible enough for that purpose in every other aspect utterly fail to stand any other test, and, as far as substantiality is concerned, vanish into thin air.   In applying the doctrine of the two cases quoted above, I am of opinion that the learned referee failed to differentiate between the case where these wires, switches, and meters were upon the property owned by the relator, when it may well be this doctrine would have considerable force, and, on the other hand, where they are found (as in the case at bar) to have been installed upon properties not owned by relator, but by the citizens to whom they were supplying their product.   Certainly such a doctrine cannot be applied in such a case.   These effects must be clearly denominated personalty if the ownership is to be found in the relator.   And being such, this case shows they have already been taxed for same.   If they are to be called fixtures that are attached to the realty in such a way as to forbid their removal without damaging or working injury to the fee, and the intention was to make them fixtures, then, in all accepted law, they belong, not to this relator, but to the owner of the fee of the several properties upon which they have been placed.   In either event this assessment cannot stand.   It was a void and illegal assessment, and, being such, it did not require that objections to same should be filed, but is subject to attack at any time without the filing of preliminary objections.   It therefore follows that so much of the report, findings, and conclusions of the referee as fixes the assessment of the relator as to its personalty at $364,508 should be confirmed, and that portion of same as establishes as valid the assessment of $80,000 on the cables, etc., as real estate, is not approved, but is set aside, and the said assessment as originally fixed by the respondents herein is vacated and set aside.

Ordered accordingly.