THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE KNICK-ERBOCKER SAFE DEPOSIT COMPANY, Appellant, *v.* JAMES L. WELLS et al., as Commissioners of Taxes and Assessments of the City of New York, Respondents.

1. TAX — WHEN SAFE DEPOSIT VAULTS ARE TAXABLE AS REAL ESTATE. Vaults owned by a safe deposit company, situated in buildings owned by other parties and constructed in such a manner as to be real estate, constitute an interest in real property, and should be treated as such for the purposes of taxation.

2. ASSESSMENT UPON CAPITAL STOCK OF SAFE DEPOSIT COMPANY PROPERLY INCLUDES VALUE OF VAULTS NOT TAXED AS REAL ESTATE — CERTIORARI — PROCEEDINGS THEREUNDER IN THE NATURE OF A NEW TRIAL. Where, however, the vaults have not been considered in the assessment of such buildings. they are properly included in the valuation of the property of the safe deposit company for the purpose of fixing the taxable value of its capital stock and their value is not deductible therefrom under the provisions of the Tax Law (L. 1896, ch. 908, § 12): the fact that the assessors were unaware of the existence of the vaults and included in their assessment of the buildings no sum for their value is properly proved under the statutory writ of certiorari, the proceedings in which are in the nature of a new trial.

*People ex rel. Knickerbocker Safe Deposit Co.* v. *Wells*, 99 App. Div. 455, affirmed.

(Argued April 11, 1905; decided April 18, 1905.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered January 11, 1905, which reversed an order of Special Term reducing an assessment upon the capital stock of the relator and confirmed such assessment.

The facts, so far as material, are stated in the opinion.

*Julien T. Davies, Jr.,* for appellant. No separate assessments having been made, so far as is disclosed by the tax rolls, of the relator's vaults, they must, as a matter of law, be deemed to have been included in the assessments of the several parcels of real estate to which they were respectively affixed. (*Smith* v. *Mayor, etc.,* 68 N. Y. 552; *People ex rel.* v. *Cassity,* 46 N. Y. 46; *Matter of A. & B. Turnpike,* 94 App. Div. 509; *People ex rel.* v. *Comrs. of Taxes,* 80 N. Y. 573;

*Milligan* v. *Drury*, 130 Mass. 428; *People ex rel.* v. *Barker*, 153 N. Y. 98; *People ex rel.* v. *Comrs. of Taxes*, 82 N. Y. 459; *People ex rel.* v. *Bd. of Assessors*, 93 N. Y. 308; *Russell* v. *New Haven*, 51 Conn. 259; *Haight* v. *Mayor, etc.*, 99 N. Y. 280.) It follows that a deduction should have been allowed on account of relator's vaults, at their cost price, the assessed value thereof being unprovable. (*People ex rel.* v. *Comrs., etc.*, 104 N. Y. 240; *People ex rel.* v. *Comrs. of Taxes*, 95 N. Y. 554; *People ex rel.* v. *Coleman*, 115 N. Y. 178.) Relator's right to the deduction claimed is not in any way dependent upon its payment of any part of the taxes upon the realty. (*People ex rel.* v. *Comrs. of Taxes*, 80 N. Y. 573; *People ex rel.* v. *Wells*, 180 N. Y. 62.)

*John J. Delany, Corporation Counsel* (*George S. Coleman* and *E. Crosby Kindleberger* of counsel), for respondents. The vaults of the relator are real estate. (*People ex rel.* v. *Selkirk*, 180 N. Y. 401.) In determining the value of relator's capital stock for purposes of taxation it was lawful to include the actual value of the real estate and to deduct merely the assessed value. (*People ex rel.* v. *Barker*, 144 N. Y. 94; *People ex rel.* v. *Barker*, 31 App. Div. 315; 158 N. Y. 709; 179 U. S. 279; *People ex rel.* v. *Neff*, 163 N. Y. 320; *People ex rel.* v. *Feitner*, 60 App. Div. 282; *People ex rel.* v. *Wells*, 180 N. Y. 62.) When a corporation's real estate is not in fact assessed no deduction from the value of its capital stock should be made on account of such real estate. (*People ex rel.* v. *Coleman*, 126 N.Y. 433; *People ex rel.* v. *Barker*, 165 N. Y. 305; *People ex rel.* v. *Barker*, 66 Hun, 21; 137 N. Y. 544; *People ex rel.* v. *Feitner*, 54 App. Div. 217; 165 N. Y. 645; *People ex rel.* v. *Feitner*, 60 App. Div. 282.) There was no conclusive presumption that the vaults had been assessed as part of buildings to which they were affixed. The evidence on the trial to the effect that relator's real estate (vaults) had not been assessed at all was clearly admissible. (*People ex rel.* v. *Comrs. of Taxes*, 95 N. Y. 554; *People ex rel.* v. *Comrs. of Taxes*, 104 N. Y. 240; *People ex rel.* v. *Coleman*,

115 N. Y. 178; *People ex rel.* v. *Barker*, 152 N. Y. 417; *People ex rel.* v. *Feitner*, 81 App. Div. 118; *People ex rel.* v. *Wells*, 84 App. Div. 330; *People ex rel.* v. *Wells*, 92 N. Y. Supp. 5.)

BARTLETT, J.   The commissioners of taxes and assessments of the city of New York assessed the relator, the Knickerbocker Safe Deposit Company, upon capital stock for the year 1903, fixing the value thereof at $77,455.00. The relator thereupon sued out the statutory writ of certiorari to review this assessment.

It appears that a deputy tax commissioner assessed the capital stock at the sum of $100,000, and thereupon the relator submitted a statement to the commissioners, indicating that its total gross' assets were made up as follows:

| | |
|---|---:|
| Personal property..................... | $43,729.63 |
| And real estate, in vaults, of the value of..... | 58,050.00 |
| Making a total of gross assets of ....... | $101,779.63 |

The commissioners accepting this statement as true, deducted a reported surplus of $1,779.63, and stock of other corporations, $22,545.00, making the total to be deducted of $24,324.63, leaving a balance of $77,455.00, the assessed value of the capital stock properly taxable for the year 1903.

There is no dispute as to the amount of the total gross assets, or of the deductions made therefrom; but the relator claims that as the vaults were real estate and affixed to various buildings not owned by the relator, and had no assessed value, deductions should be made of the actual value of such vaults, to wit, $58,050.00, so that the assessment should have been $19,405.00, instead of the amount fixed by the commissioners, $77,455.00.

The return of the commissioners states as follows: " We made no deduction on account of the assessed value of the real estate of the relator, as such real estate, according to the statement of the relator, had no assessed value. It did not appear to us that the relator had paid any taxes upon such

realty, or that the including of the value of such vaults by us in ascertaining the value of the capital stock of relator without making such deduction constituted double taxation of the same property. We do not consider, in any event, that the relator was entitled to deduct the entire cost price of such vaults from the valuation of its total gross assets in fixing the proper assessment upon its capital stock and surplus profits for the year 1903. We hereby return that the relator has not been injured or aggrieved by the assessment as finally fixed by us."

After a trial at Special Term, the court reduced the assessment to the sum of $19,405.00, as prayed by the relator. The Appellate Division reversed the order of the Special Term, and the assessment of the relator was confirmed. Testimony was duly taken at the Special Term, and it appeared that the three vaults in question, used by the relator in its business, were located respectively at No. 66 Broadway, No. 234 Fifth avenue, and in the Knickerbocker Trust Company building at 34th street and Fifth avenue, in the city of New York. The vault at 66 Broadway was located in a building owned by the Manhattan Trust Company, and had been purchased by the relator for $20,000; the vault at 234 Fifth avenue was on property owned by a Mr. Johnson, which was leased by the Knickerbocker Trust Company and purchased by the relator for the sum of $10,000; there were also vaults partially completed in the new building of the Knickerbocker Trust Company at 34th street and Fifth avenue, which had cost up to time of assessment $28,050.00. These items of real estate aggregate $58,050.00, which amount is included in the computation of the total gross assets to which reference has already been made.

The learned judge writing in the Appellate Division fell into a very natural error when he stated that the new building in process of construction at the corner of 34th street and Fifth avenue was owned by the relator; as matter of fact it was owned by the Knickerbocker Trust Company, a name very similar to that of the relator, the Knickerbocker Safe Deposit Company. It is, therefore, the fact that the two completed

vaults and the vaults in process of construction in the new building, corner of 34th street and Fifth avenue, were all a part of property owned by third parties.

It was proved, and also stipulated by counsel, that all these vaults were constructed in such a manner as to make them real estate. It was also proved by deputy tax commissioners that these three separate pieces of real estate in which the vaults were located were each assessed as a whole, the valuation in each instance including both land and building; it was further proved that the deputy tax commissioners who assessed these three properties did not know of the existence of the vaults, and that in making the assessments they made no allowance for them.

The order of the Special Term, reducing the assessment as above stated, found certain facts as follows: " That the relator, on the second Monday of January, 1903, had invested the sum of $58,050.00 in certain vaults affixed to premises, the title to which was held by other parties; that the amount so invested was the actual value of said vaults; that the said vaults are real estate by reason of the manner of their construction; that the real property to which said vaults were affixed had been assessed for taxation for said year, but that the deputy tax commissioners, in making such assessments, had not known that the vaults existed in such premises, and had included in such assessments no sum for the value of such vaults, and that no apportionment of the assessments upon such premises had been made with respect to said vaults."

It appears, as above stated, that the vaults in the building corner of 34th street and Fifth avenue were not completed at the time of this assessment, but it was proved that up to that time they had cost the relator the sum of $28,050.00. We are of opinion that the interest acquired by the relator in purchasing the various vaults in question was an interest in real estate and must be treated as such, not only under the stipulation in this case, but by reason of the legal situation presented.

In *People ex rel. A. & B. T. Road* v. *Selkirk* (180 N. Y. 401, 406) this court stated: " It is not, under our Tax Law,

necessary that the corporation to be taxed in respect of its interest in real property, shall be the owner of the fee. If it owns that which, being upon, affixed to, or incidental to the land, is classified for taxation purposes by the statute with land, it is assessable for a real property tax."

The contention of the relator, briefly stated, on this appeal is, that if the item of real estate of $58,050.00, which is included in its gross assets, is allowed to stand, it would be subjected to double taxation. In other words, it insists that it is entitled to avail itself of the provisions of the General Tax Law (§ 12) which reads, in part, as follows: "The capital stock of every company liable to taxation, * * * together with its surplus profits or reserved funds exceeding ten per centum of its capital, after deducting the *assessed value of its real estate*, and all shares of stock in other corporations actually owned by such company which are taxable upon their capital stock under the laws of this state, shall be assessed at its actual value."

The relator's further argument is that no separate assessment having been made, so far as is disclosed by the tax rolls, of the relator's vaults, they must, as matter of law, be deemed to have been included in the assessments of the several parcels of real estate to which they were, respectively, affixed; that the assessments in gross were judicial determinations of the values of the entire premises with all structures thereon, and that the relator's right to the deduction claimed is not in any way dependent upon its payment of any part of the taxes upon the realty. This position of the relator practically ignores the trial of the issues involved in this proceeding at Special Term.

We have the express finding of the Special Term that the deputy tax commissioners, in making the assessments on these various pieces of real estate for the year 1903, were unaware of the existence of these vaults, and included in their assessments no sum for their value. On the trial at Special Term the relator objected and excepted to the testimony of the deputy tax commissioners, upon which this finding of fact is

based.   This evidence was clearly competent under the statutory writ of certiorari, which allows a trial at Special Term notwithstanding the hearings before the commissioner and his determination.

This court has frequently held that the proceedings at Special Term, under the statutory writ of certiorari, are in the nature of a new trial.   Judge VANN, in commenting upon this new procedure, said : " Thus, the writ under consideration may be a writ of review, merely, and hence properly called a writ of certiorari, and it may be in the nature of a *venire de novo*, and utterly foreign in function to the writ of certiorari as known in the history of the law." (*People ex rel. Manhattan R. Co.* v. *Barker,* 152 N. Y. 417, 432.)

It is, therefore, an uncontroverted fact in this record that the relator was not subjected to a tax on the vaults in question, or any one in its behalf, by the assessments of these three parcels of real estate.   According to the relator's own figures its interest in real estate, included in its gross assets, was $58,050.00, and the only possible reason to be urged for deducting that amount from the original assessment of the commissioners is that it stood in peril of double taxation unless such deduction was made.

The learned judge, writing at Special Term, said : " The relator, in its dealings with the record owner, must have assumed that the building would be assessed in such manner as to cover the assessment of the vaults, and presumably the owner protected himself so far when dealing with the relator."

In the light of the explicit testimony to the contrary given by the deputy tax commissioners and the findings of fact based thereon the presumption indulged in by the learned Special Term was error.   The deduction of relator's interest in real estate was clearly unauthorized, and the assessment of the relator's capital stock at $77,455.00 should be affirmed.

The order appealed from should be affirmed, with costs.

CULLEN, Ch. J., O'BRIEN, HAIGHT, VANN and WERNER, JJ., concur; GRAY, J., absent.

Order affirmed.