(54 Misc. Rep. 5)

PEOPLE ex rel. BANKERS' SAFE DEPOSIT CO v. O'DONNELL et al., Commissioners of Taxes and Assessments.

(Supreme Court, Special Term, New York County.   April, 1907.)

1. TAXATION—CERTIORARI TO REVIEW ASSESSMENT.

In certiorari to review an assessment of the capital stock of the relator, every presumption is in favor of the correctness of the assessment, and relator must establish affirmatively that it is erroneous.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Taxation, § 906.]

2. SAME—CORPORATIONS—CAPITAL STOCK.

In determining the value of the capital stock of a domestic corporation for taxation, it is lawful to include the actual value of its real estate and to deduct merely the assessed value.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Taxation, §§ 630, 632.]

Certiorari by the people, on the relation of the Bankers' Safe Deposit Company, against Frank A. O'Donnell and others, commissioners of taxes and assessments.   Writ dismissed.

Alexander & Cohn, for relator.
William B. Ellison, Corp. Counsel, for respondents.

O'GORMAN, J.   This is a proceding to review by certiorari an assessment on the capital stock of the relator, a domestic corporation, for the year 1906.   It appears that part of the relator's property was its safe deposit vaults and fixtures, and the relator claims that the vaults were real estate, that they were valued and assessed as such, and that they cannot be valued differently for two different purposes of taxation.   This contention entirely overlooks the well-established principle that, in determining the value of the capital stock of a domestic corporation for the purposes of taxation, it is lawful to include the actual value of its real estate and to deduct merely the assessed value there-

of. Tax Law, Laws 1896, p. 802, c. 908, § 12; People ex rel. Knick-erbocker S. D. Co. v. Wells, 181 N. Y. 245, 73 N. E. 961. The vaults constituted real estate, and were so assessed at $15,000, which assessed value was duly deducted by the commissioners from the actual value in fixing the assessment involved in this proceeding.

The relator's complaint of excessive valuation is equally unfounded. The value of the vaults as carried on the books of the relator is $60,-398.82, while the relator claims their actual value is but $2,500. This latter figure can only be adopted upon the assumption that the vaults are to be regarded as scrap iron. The relator is a going concern, and it is substantially without dispute that it would cost at least the amount of the book value to reproduce the vaults. This evidence of value authorized the conclusion reached by the commissioners (People ex rel. D., L. & W. R. R. Co. v. Clapp, 152 N. Y. 490, 46 N. E. 842, 39 L. R. A. 237; People ex rel. Powers v. Kalbfleisch, 25 App. Div. 435, 49 N. Y. Supp. 546; People ex rel. Clearing House v. Barker, 31 App. Div. 315, 51 N. Y. Supp. 1102, 53 N. Y. Supp. 1111; Id., 158 N. Y. 709, 53 N E. 1130; Id., 179 U. S. 279, 21 Sup. Ct. 121, 45 L. Ed. 190), and with their determination the court should not interfere. Every presumption is in favor of the correctness of the assessment, and the relator is required to establish affirmatively that the judgment of the commissioners is erroneous. This the relator has failed to do.

Writ dismissed, with costs.