PEOPLE ex rel. GLEN TELEPHONE CO. v. FAILING et al.

(Supreme Court, Appellate Division, Third Department. January 22, 1909.)

Appeal from Special Term, Fulton County.

Certiorari by the People of the State of New York, on the relation of the Glen Telephone Company, against Ephraim Failing and others, as assessors of the town·of Minden, Montgomery county, to review an assessment. From an order striking from the assessment roll of the ·town a tax against relator, defendants appeal. Modified and affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

H. D. Walts, for appellants.
Fred Linus Carroll, for respondent.

PER CURIAM. Final order modified upon opinion in People ex rel. Glen Telephone Co. v. Hall (decided herewith) 114 N. Y. Supp. 511, by striking therefrom the extra allowance, and, as so modified, affirmed without costs to either party.

SMITH, P. J. (dissenting). The relator is a telephone company whose principal office was situated at Johnstown with lines running through the town of Minden, Montgomery county. A special franchise tax had been assessed against the relator for property within the town of Minden amounting to $1,575. The defendants have assumed to make an assessment of other real property owned by this company in the·town of Minden to the amount of $2,500. The relator properly complained of this assessment, and asked that it be stricken from the roll, but the defendants refused to strike the same from the roll, and to review this determination this writ of certiorari was. brought. The court at Special Term has held that the assessment is

improper, and from an order entered upon such determination this appeal has been taken.

The relator in its petition alleges that all of the property of said company, either real or personal, situated in said town of Minden, consists of its poles, wires, and equipments necessary for the transaction of its business, and its switchboard and telephone instruments, and that all of said wires, poles, and equipments of said company, except the said switchboard and telephone instruments, are located in, upon, and above the public highways of said town.

The respondents in their return to the writ among other things state:

"That, in fixing the said assessment of $2,500 for real estate against said telephone company, your respondents, said assessors, took into consideration the poles belonging to said company standing upon private ground and the wires and cables and other fixtures belonging therewith, belonging to said company, strung across and upon private ground, and also considered the switch boards and other fixtures in the office of said company at Ft. Plain, N. Y., belonging to said company. And your respondents, said assessors, further return that they were advised by the state board of tax commissioners of the state of New York that the said wires, poles, and fixtures of said company standing upon and crossing private ground, and the switch boards and fixtures in the office as aforesaid, could lawfully be assessed by the local assessors as aforesaid, and as were assessed by your respondents, this case, and your respondents, said assessors, considered said advice in making the said assessment of $2,500 for real estate against said telephone company."

And again:

"Your respondents, said assessors, allege and return that said telephone company has now, and at all times since May 1, 1907, has had wires, poles, cables, and equipments belonging to said company and used by it in operating its telephone system, besides its switchboard and telephone instruments, which are located in, upon, over, and across private property within said town of Minden. Your respondents, said assessors, allege and return that said assessment of $2,500 assessed by your respondents, said assessors, against said telephone company for real estate in said town, was the value placed by your respondents, said assessors, upon the said switchboard, fixtures, etc., in said company's office at Ft. Plain, N. Y., and upon the wires, poles, fixtures, etc., standing upon and crossing private property, and that said sum of $2,500 was and is no more than the full value of the same."

It will thus be seen that an issue is raised by the allegation of the petition on the one hand that all of the wires, poles, and equipments are upon the public highways, and by the allegation of the return, on the other hand, that the assessment was made upon the wires, poles, and fixtures upon private land. It has been held that that part of the wires, poles, and fixtures as are upon private land for the purpose of making connection with the feed wires of the company in the street is not assessable as real estate. People v. Feitner, 99 App. Div. 274, 90 N. Y. Supp. 904, affirmed 181 N. Y. 549, 74 N. E. 1124. The allegation in the return, however, that the wires, poles, and fixtures upon private land were assessed, cannot as matter of law be deemed to refer simply to such wires, poles, and fixtures as are thereon for the purpose of making connections with the feed wires for customers. It is contended, however, and it has been held by the Special Term that because no proof was offered by the assessors upon grievance day as against the positive affidavit of the relator that it had no wires, poles,

and fixtures except upon the public highway the assessors were bound to accept that statement, and cannot be heard before the Special Term to raise an issue which was not raised at that time; but the assessors are not only authorized, but required, to view this property. If part of the relator's main line did in fact extend over private land so that it became assessable as real estate in the town, it could have been seen by the assessors themselves, and, as to that, they were neither bound to be sworn themselves upon grievance day nor to produce evidence to raise that issue. The rule is correctly stated, we think, in People ex rel. Oswego Canal Co. v. City of Oswego, 5 Hun, 117, as follows:

"That, as to matters relied upon to exempt a person or his property from taxation which from their nature are only known to him or the witness, he may produce, where there is no evidence impairing materially the force of it known or proved to the assessors, the evidence on the part of the person assessed concludes the assessors, and they must assume the matters sworn to be true and correct the roll accordingly."

It has thus been held as to personal property, the ownership of which is peculiarly known to the relator and cannot be known personally to the assessors, the absolute oath of the relator before the assessors must be taken unless there be contradictory evidence. Inasmuch, however, as any part of the relator's line which may extend upon private property is a matter which may be known also to the assessors, we are of opinion that the rule does not apply. Upon the issue of fact raised, we are of the opinion that the Special Term should either have ascertained by evidence whether there were wires, poles, and fixtures upon private land which are subject to the assessment as real estate by the assessors of the town of Minden, or have sent the matter to a referee to ascertain the same. If he found that the relator owned wires, poles, and equipments upon private land which are subject to assessment, the value thereof would then become a pertinent question.

The final order should therefore be reversed, with costs to the relator to abide the event, and the matter remitted to the Special Term to proceed in accordance herewith.

COCHRANE, J., concurs.