PEOPLE ex rel. NEW YORK EDISON CO. v. WELLS et al., Commissioners of Taxes & Assessments.

(Supreme Court, Appellate Division, First Department. December 17, 1909.)

TAXATION (§ 65*)—LIABILITY OF PROPERTY—NATURE OF PROPERTY—OWNERSHIP —"LAND"—"REAL ESTATE"—"REAL PROPERTY."

Under Tax Law (Laws 1896, p. 796, c. 908) § 2, subd. 3, as amended by Laws 1899, p. 1589, c. 712, defining the terms "land," "real estate," and "real property," as used in the tax law, machinery designed for the production and distribution of electricity placed in a building in the city of New York, erected and planned for the same purpose upon specially pre-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

pared foundations, and which was being used for that purpose, is taxable as real estate, although the title to the machinery was not vested in the owner of the building because a part of the purchase price remained unpaid; Greater New York Charter (Laws 1901, p. 380, c. 466) § 894, making the assessment of real estate to the wrong owner valid.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 150; Dec. Dig. § 65.*

For other definitions, see Words and Phrases, vol. 5, pp. 3975–3984; vol. 8, pp. 7700, 7701, 7778, 7779; vol. 7, pp. 5939–5951.]

Appeal from Special Term, New York County.

From an order of the Special Term confirming an assessment for the purpose of taxation, the People of the State of New York, on the relation of the New York Edison Company, appeal. Affirmed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Henry J. Hemmens, for appellant.

David Rumsey, for respondents.

SCOTT, J. The relator appeals from an order made at Special Term affirming the assessment for purposes of taxation for the year 1903 of its plant and power house, consisting of a block of land between Thirty-Eighth and Thirty-Ninth streets, First avenue, and the East river in the borough of Manhattan, city of New York, with the building thereon and the machinery and appliances therein contained, consisting of a large and complete electrical power plant. On the second Monday of January, 1903, as of which date the assessment was fixed, the building was quite new, and the machinery, which was also new, had just been installed and put in place and was being subjected to its final tests. The relator had paid about 85 per cent. of the cost of the machinery; the balance being retained to await the result of the tests. The objections which the relator and appellant especially insists upon are: First, that the machinery, or the greater part of it, was not so affixed to the building as to have become part of the realty; and, second, that as to a large part of the machinery title had not finally vested in the relator, consequently it was not liable to taxation thereon.

At to the propriety of assessing the machinery as real estate, the court found the following facts, which are amply supported by the evidence:

"That said building, with its appurtenances, was erected and planned for the purpose of producing electricity for distribution to relator's customers; that all the electrical and mechanical machinery and apparatus in said building on said date was designed for said building and was necessary for the purposes for which said building was erected and the said machinery was installed, to wit, the production of electricity by relator for distribution to its customers; that all of said machinery and apparatus was installed in said building upon foundations specially built for that purpose and was installed for the avowed purpose of having the most efficient plant that could be produced; that all said machinery and apparatus on said date was actually attached to and had become part of said building and the freehold, and was being used for the aforesaid purposes of the relator on said date; that all of said machinery and apparatus in the building constituted a complete plant for

the production of electricity; that the land and building was the property of the relator on said date; that the title to some of the machinery and apparatus had not, on the second Monday of January, 1903, passed to the relator, owing to the fact that a small percentage of the purchase price of such machinery as had not been finally accepted was retained by the relator until the machines or apparatus had been fully tested and accepted by the relator; that all of the said machinery and apparatus was finally paid for and accepted by relator on April 20, 1904; that all of said machinery and apparatus was placed in the building with the intention that it should remain there until worn out or superseded by other machinery."

The taxable quality as real estate of machinery thus circumstanced is now well settled. Tax Law (chapter 908, p. 796, Laws 1896) § 2, subd. 3, as amended by Laws 1899, p. 1589, c. 712; People ex rel. Manhattan Ry. Co. v. Wells, 122 App. Div. 921, 107 N. Y. Supp. 1141, affirmed 192 N. Y. 566, 85 N. E. 1114; Herkimer County Light & Power Co. v. Johnson, 37 App. Div. 257, 55 N. Y. Supp. 924; People ex rel. National Starch Co. v. Waldron, 26 App. Div. 527, 50 N. Y. Supp. 523; Detroit United Railway v. Board of State Tax Commissioners, 136 Mich. 96, 98 N. W. 997. There are very many other decisions which illustrate and determine the principles upon which the foregoing authorities rest. It is quite immaterial that title to the fixtures, as between the relator and its vendors, had not vested in the former, because such fixtures had not been finally accepted and wholly paid for. As has been found, they had, within the meaning of the tax law, become attached to and a part of the real estate, and were taxable as such. The fixtures being assessable and taxable as real estate, it was of no consequence who was the owner, for, if real estate in the city of New York be assessed against the wrong owner, the assessment is still valid. Greater New York Charter (Laws 1901, p. 380, c. 466) § 894. The machinery had been delivered to the relator, and so placed with reference to the freehold as to have become a part of the real estate, and was properly assessed as real estate irrespective of the question where the strict legal title lay. People ex rel. Knickerbocker Safe Deposit Co. v. Wells, 181 N. Y. 245, 73 N. E. 961.

The order appealed from is affirmed, with costs. All concur.