**PEOPLE ex rel. NEW YORK EDISON CO. v. WELLS et al., Com'rs of Taxes and Assessments.**

(Supreme Court, Appellate Division, First Department. December 17, 1909.)

TAXATION (§ 375*)—ASSESSMENT—VALUE OF PROPERTY.

The machinery and fixtures in a plant for the production and distribution of electricity should be assessed at their value, and not at their replacement cost.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 624; Dec. Dig. § 375.*]

Appeal from Special Term, New York County.

Proceeding by the People, on the relation of the New York Edison Company, against James L. Wells and others, as Commissioners of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Taxes and Assessments of the City of New York. From an order of the Special Term reducing an assessment for purposes of taxation, cross-appeals were taken by relator and respondents. Order affirmed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Henry J. Hemmens, for appellant.
David Rumsey, for respondents.

SCOTT, J. In this proceeding both parties appeal from reducing and fixing the assessment for the purposes of taxation, for the year 1903, of the relator's real estate.

The objections insisted upon by the relator are the same which are considered in proceeding No. 3 between the same parties decided herewith, and are disposed of in the opinion rendered in that proceeding. The defendants' appeal calls in question the valuation placed by the court upon the machinery and fixtures included in the real estate. The plant was not new, and the referee found, and his finding in this respect is not questioned so far as the figures are concerned: That the original cost of the machinery, etc., was $1,001,822.37, that its replacement cost on the second Monday of January, 1903, was $896,054.75, and that its value on the second Monday of January, 1903, was $537,-746.22. The court has fixed the assessment at the latter value, while defendants contend that it should be fixed at the replacement cost. The finding as to the actual value is based upon estimates, apparently more or less arbitrary, made by the relator's witnesses of the depreciation due to use and wear. The replacement value is the result of the estimate of these same witnesses as to what it would cost to replace, with new machinery, the partially worn machinery in use when the assessment was made. The evidence as to the present value may not be very satisfactory, and is possibly not precisely accurate; but it is the best there is in the case, and perhaps the best available. We can readily appreciate that the value, for any purpose, and certainly for purposes of sale of machinery which has been used for a considerable time, must be less than the value of similar machinery when new. The machinery should be assessed, as nearly as possible, at its actual value, and not at what its value would be if it were new. There are undoubtedly cases which, owing to peculiar circumstances, hold that property affixed to the freehold should be assessed at its replacement value; but in our opinion this is not such a case.

The order appealed from is affirmed, without costs to either party in this court. All concur.