In the Matter of NEW YORK TELEPHONE COMPANY, Appellant. WILLIAM F. CANOUGH, as Commissioner of Assessment of the City of Syracuse, Respondent. (2 Proceedings — 1941 and 1940 Assessments.)

Argued March 4, 1943; decided June 18, 1943.

*Edward L. Blackman, George R. Fearon* and *Frank A. Fritz* for appellant.

*James C. Tormey, Corporation Counsel (Edward Garfield* of counsel), for respondent.

*Thomas D. Thacher,* Corporation Counsel (*Arthur A. Segall, Robert H. Wrubel* and *Edward Garfield* of counsel), for City of New York, *amicus curiae,* in support of respondent's position.

*Andrew P. Ronan,* Corporation Counsel (*Herbert A. Hickman* of counsel), for City of Buffalo, *amicus curiae,* in support of respondent's position.

*Per Curiam.* The orders should be affirmed, with costs, on the authority of *Matter of New York Telephone Co.* v. *Ferris* (257 App. Div. 415, 282 N. Y. 667).

There is no conflict between the *Ferris* case and *People ex rel. New York Edison Co.* v. *Feitner* (99 App. Div. 274, 181 N. Y. 549). The Tax Law has long defined "real property" as including "All mains, pipes and tanks laid or placed in, upon, above or under any public or private street or place for conducting steam, heat, water, oil, electricity * * *." (§ 2, subd. 6). This provision was held by the *Feitner* case not to include equipment which the Edison Company had placed in private premises of its customers for the purpose of connecting the premises with the company's feed mains in the street. The decision was that such equipment was not "laid or placed in, upon, above or under any public or private street or place." The word "place," as so used, was taken by the court to signify a short thoroughfare or square.

The orders should be affirmed, with costs.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, CONWAY and DESMOND, JJ., concur; LEWIS, J., taking no part.

Orders affirmed.