THE PEOPLE OF THE STATE OF NEW YORK ex rel. NEW YORK TELEPHONE COMPANY, Relator, against BENJAMIN I. TAYLOR, as Supervisor, et al., Constituting the Town Board of the Town of Harrison, et al., Respondents.

Supreme Court, Special Term, Westchester County, July 2, 1946.

*Ralph W. Brown* for relator.

*Orville C. Sanborn* for respondents.

BAILEY, J. A writ of certiorari has issued herein on the relation of the New York Telephone Company directed to the Town Board of the Town of Harrison, Westchester County, New York to review and declare illegal and erroneous the assessment of certain of relator's property upon the 1945 assessment roll of the aforesaid town. The property in question consists of a certain number of telephone instruments and equipment alleged to have been omitted from the assessment rolls of the town for the years 1938, 1939, 1940, 1941 and 1942. They were inserted in the 1945 assessment roll by the Town Board after its completion and upon a petition of the Board of Assessors pursuant to the provisions of section 33 of the Westchester County Tax Law (L. 1916, ch. 105, as amd. by L. 1919, ch. 528).

That such articles of equipment are properly assessable as real property was established in a proceeding to review an assessment of the same type of equipment (see *Matter of N. Y. Telephone Co.* v. *Ferris*, 257 App. Div. 415, and *Matter of New York Telephone Co.* [*Canough*], 264 App. Div. 937, affd. 290 N. Y. 537). Likewise the authority to add to the assessment roll omitted property without limitation as to the number of preceding years, was determined by this court in the opinion of Mr. Justice COYNE (*Matter of N. Y. Telephone Co.* v. *Taylor*, N. Y. L. J., Jan. 3, 1945, p. 32, col. 4).

The relator has stipulated that no question of overvaluation will be raised in this proceeding and the petition therefore presents only two questions: First, Whether the knowledge of the assessors of the existence of the property during each of the years it was omitted precludes it now being considered " omitted property "; and two, Whether the roll to which it was added by the Town Board was the roll for the current year. The first question appears to have been resolved opposed to the contention of the relator in the earlier case, *Matter of New York Telephone Co.* [*Canough*] (*supra*), namely, that although the existence of the property may have been known, it may still be considered to have been " omitted property " and entered upon the assessment roll.

The sole question therefore is the contention by the relator that the roll for the current year means the completed roll verified and filed as of September 15th in each year and that until the roll has been verified and filed it is not the roll for the current year; that the current roll at the time of the petition of the assessors to the Town Board in June, 1945, was the assessment roll completed in 1944. That no assessment roll actually exists until after it has been verified and filed with the Town Clerk.

The language of the statute (Westchester County Tax Law, § 10) belies the contention of the relator. The foregoing section is entitled " Completion of Assessment Roll " and provides that the assessors shall complete such roll on or before June 1st of each year after which date the assessors have no authority to make any additions to the roll. On and after June 1st in each year the roll completed as required by the Tax Law becomes the roll for the current year. When it has been verified and filed on or before the 15th day of September (Tax Law, § 29; Westchester County Tax Law, § 10) the roll constitutes the basis upon which the tax is imposed and there is no power to alter or change it. It is conclusive as to the persons and

property for apportioning the sums to be raised by taxation. (*People ex rel. Luther* v. *McDermott,* 265 N. Y. 47.)

Upon this application for judgment on the pleadings pursuant to rule 112 of the Rules of Civil Practice, the court has no authority to determine any issues of fact raised by the petition and return but as to the issues of law above considered the motion of the relator is denied and the cross motion of the respondents is granted. Submit order.