■ In the Matter of KIAC PARTNERS, Appellant, v ALFRED C. CERULLO, III, as New York City Commissioner of Finance, et al., Respondents. [687 NYS2d 692] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York City Commissioner of Finance, dated July 12, 1996, finding, *inter alia*, that the independent, free-standing cogeneration equipment constructed by the petitioner did not qualify for a real property tax exemption pursuant to the Industrial and Commercial Incentive Program for the 1995-1996 tax year, the petitioner appeals from a judgment of the Supreme Court, Queens County (Golia, J.), entered February 24, 1998, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, and the respondents are directed to grant the petitioner a full real property tax exemption pursuant to the Industrial and Commercial Incentive Program for the 1995-1996 tax year.

During the tax year at issue, the petitioner, KIAC Partners, was the owner of a cogeneration plant for the production of electricity located at Kennedy International Airport. The plant had been constructed by the petitioner and had been substantially completed in the tax year in question. At issue on this appeal is whether the entire plant, including its two electric generators, is entitled to a real property tax exemption under the Industrial and Commercial Incentive Program enacted pursuant to title 2-D of article 4 of the Real Property Tax Law (*see,* RPTL 489-aaaa *et seq.*; *see also,* Administrative Code of City of NY § 11-256 *et seq.*, added by Local Laws, 1984, No. 71 of City of NY). The respondent Commissioner of the Department of Finance of the City of New York (hereinafter the Commissioner) granted a tax exemption for the petitioner's building, assessed at $2,250,000, but denied a tax exemption for the generators assessed at $10,350,000. The petitioner commenced the instant proceeding challenging the denial of the exemption for the generators. The Supreme Court denied the petition and dismissed the proceeding. We reverse.

We initially observe that, under the particular circumstances of this case, the Commissioner was without authority to rescind the "Certificate of Eligibility—Preliminary" that it had issued in this matter, with an effective date of March 1, 1993, whereby it had granted an exemption for the petitioner's entire project (*see,* RPTL 489-ffff—489-kkkk; *Antal v City of New York Dept. of Hous. Preservation & Dev.,* 109 AD2d 723; *see also,*' *Town of Orangetown v Magee,* 88 NY2d 41, 47-48; *Matter of Field Delivery Serv. [Roberts],* 66 NY2d 516; *cf., Matter of Parkview Assocs. v City of New York,* 71 NY2d 274, *cert denied* 488 US 801).

In any event, the petitioner's project is entitled to the exemption under the enabling legislation as well as under the Commissioner's own regulations. As it pertains to this litigation, title 2-D of article 4 of the Real Property Tax Law provides an exemption from real property taxation for certain "commercial construction work" in the City of New York. "Commercial construction work" is defined as "the construction of a new building or structure, or portion thereof, or the modernization, rehabilitation, expansion or other improvement of an existing building or structure, or portion thereof for use as commercial

property" (RPTL 489-aaaa [5]). "Commercial property" is defined, in relevant part, as "nonresidential property * * * on which will exist after completion of commercial construction work, a building or structure used for the buying, selling or otherwise providing of goods or services including hotel services, *or for other lawful business, commercial or manufacturing activities*" (RPTL 489-aaaa [6] [emphasis supplied]). Moreover, throughout title 2-D, the "Exemption base" (the amount on which the tax exemption is based) is defined as including "the assessed value of *improvements* made since the effective date of such certificate which are attributable exclusively to commercial or industrial construction work described in approved plans" (RPTL 489-aaaa [9] [emphasis supplied]; *cf.,* RPTL 489-dddd [4]).

In view of this broad statutory language, which we are obligated to interpret in its "natural and most obvious sense" (*Matter of Alamo Assocs. v Commissioner of Fin. of City of N. Y.,* 71 NY2d 340, 345, citing McKinney's Cons Laws of NY, Book 1, Statutes § 94), we conclude that it was irrational and improper for the Commissioner to deny an exemption for the two generators situated in the petitioner's building, a structure that was indisputably entitled to the exemption (*see, Matter of Moran Towing & Transp. Co. v New York State Tax Commn.,* 72 NY2d 166, 173; *Matter of SIN, Inc. v Department of Fin.,* 71 NY2d 616, 620; *Matter of Trump-Equitable Fifth Ave. Co. v Gliedman,* 62 NY2d 539; *see also, Matter of Consolidated Edison Co. v City of New York,* 44 NY2d 536).

Moreover, the Commissioner's own regulations confirm the petitioner's eligibility for an exemption for its generators. Those regulations define "eligible construction work" (i.e., improvements on real property that are entitled to an exemption under title 2-D) as construction work that "creates or enhances the value of eligible, industrial or commercial property by means of the construction of a new building or extension, by the modernization, rehabilitation or renovation of an existing building, *by the erection or installation of equipment which is real property* or by other physical means" (19 RCNY 14-10 [a] [1] [i] [emphasis supplied]). It is well settled that electric generators, such as the ones here under review, are considered to be real property as that term is defined in the Real Property Tax Law (*see,* RPTL 102 [12] [f]; *see also, Matter of Consolidated Edison Co. v City of New York, supra; Herkimer County Light & Power Co. v Johnson,* 37 App Div 257; *People ex rel. New York Edison Co. v Wells,* 135 App Div 644, *affd* 198 NY 607; 4 Op Counsel SBEA No. 81; 19 RCNY 14-10 [f] [1] [v]).

The Commissioner contends that the generators at issue are the type of improvements that are defined in RPTL 102 (12) (e). That subdivision defines real property as "Mains * * * permitted or authorized to be made, laid or placed in, upon, above or under any public or private street or place for conducting * * * electricity". The Commissioner's regulations have specifically excluded improvements defined as "mains" under this subdivision from eligibility for a tax exemption benefit under title 2-D, while permitting a tax exemption benefit for "power generating apparatus" (19 RCNY 14-05 [i]). The Commissioner contends that the structures at issue here qualify as "mains" under the applicable statute.

We reject the Commissioner's contention, and conclude that the generators at issue are both "structures affixed to the land" (RPTL 102 [12] [b]) and "power generating apparatus" (RPTL 102 [12] [f]), and therefore are not encompassed by the exclusion set forth in the regulations (*see, Matter of Consolidated Edison Co. v City of New York, supra; Matter of Long Is. Light. Co. v Assessor* for Town of Brookhaven, 202 AD2d 32, 38, 40-41; *Matter of Rochester Gas & Elec. Corp. v New York State Tax Commn.,* 128 AD2d 238, 242, *affd* 71 NY2d 931; *see also,* 19 RCNY 14-72).

The parties' remaining contentions are without merit. O'Brien, J. P., Friedmann, Florio and McGinity, JJ., concur.