■ In the Matter of ORANGE AND ROCKLAND UTILITIES, INC., Respondent, v CITY OF MIDDLETOWN ASSESSOR et al., Appellants. [703 NYS2d 218] —In a proceeding pursuant to Real Property Tax Law article 7 to review certain real property tax assessments, the City of Middletown Assessor, the City of Middletown Board

of Assessment Review, and the City of Middletown appeal from an order of the Supreme Court, Orange County (Palella, J.), dated March 15, 1999, which denied their motion for summary judgment dismissing the first cause of action in the petition.

Ordered that the order is modified, on the law, by adding thereto a provision that, upon searching the record, summary judgment is granted to the petitioner on the first cause of action; as so modified, the order is affirmed, with costs to the petitioner.

Contrary to the appellants' contention, the electric wires and gas pipes which traverse over or under the premises of the petitioner's customers do not constitute taxable real property within the meaning of Real Property Tax Law § 102 (12). The courts have consistently held, for almost a century, that the type of utility lines and meters at the center of this dispute are not taxable as real estate (*see, Matter of New York Tel. Co. [Canough]*, 290 NY 537; *People ex rel. New York Edison Co. v Feitner*, 45 Misc 12, *affd* 99 App Div 274, *affd* 181 NY 549).

Moreover, to the extent that there is any ambiguity in the statutory definition of taxable real property, it must be construed most strongly in favor of the taxpayer and against the taxing authority (*see, Matter of Manhattan Cable TV Servs. v Freyberg*, 49 NY2d 868, 869; *Matter of KIAC Partners v Cerullo*, 260 AD2d 381, 384).

In light of this determination, we search the record and grant summary judgment to the petitioner on the first cause of action annulling the assessment of the subject property. O'Brien, J. P., Santucci, Florio and Smith, JJ., concur.