Paul D. Graves, J.
This is a proceeding brought under article 13 of the Tax Law to review an assessment made for the year 1959 on real property of petitioner in the Town of Kingsbury, Washington County, New York.
The assessment includes improvements assessed at $36,800, which petitioner contends is, in part, illegal for the reason that it includes certain machinery and equipment which is personal property. The items sought to be removed from the roll consist of crushers, bins and screens, asphalt plant, scales, one small crusher and two conveyors. This machinery, at least for the most part, is bolted to foundations, and is used for the processing of stone, quarried from the premises, and for the *438 manufacture of road building material. Concededly, the foundations and piers are properly taxed as real property.
Subdivision 6 of section 2 of the Tax Law reads, in part, as follows: ‘ ‘ The terms ‘ land, ’ ‘ real estate, ’ and ‘ real property, ’ as used in this chapter, include the land itself above and under water, all buildings and other articles and structures, substructures and superstructures, erected upon, under or above, or affixed to the same ”.
Even under the broad provisions of this section, it is doubtful whether the equipment in question could be considered as part of the realty (cf. People ex rel. National Exhibition Co. v. Miller, 288 Ñ. Y. 698; Bronxville Bowling Club v. Schmiedel, 289 N. Y. 666) even though it has been held machinery installed in a building and affixed to the realty is taxable as real estate. (People ex rel. New York Edison Co. v. Wells, 135 App. Div. 644, affd. 198 N. Y. 607, and cases therein cited.)
However, it is not necessary to base a decision on the above quoted section for the reason there is a further provision contained in section 3 of the Tax Law which provides, in part, as follows: “ Notwithstanding any provision of this chapter, or of any other general, special or local law to the contrary, personal property, whether tangible or intangible, shall not be liable to taxation locally for state or local purposes. As used in this section, the term ‘ personal property, ’ in its application to the property of corporations taxable under article nine-a of this chapter, shall include any movable machinery and equipment used for trade or manufacture and not essential for the support of the building, structure or superstructure, and removable without material injury thereto and shall not include boilers, ventilating apparatus, elevators, plumbing, heating, lighting and power generating apparatus, shafting other than counter-shafting, equipment for the distribution of heat, light, power, gases and liquids, nor any equipment consisting of structures or erections to the operation of which machinery is not essential.”
It is alleged petitioner is a domestic corporation; thus it is liable for the payment of a franchise tax pursuant to article 9-A of the Tax Law. The property in question is used for the manufacture of road building material, and is within the definition of machinery and equipment used for manufacturing purposes. (People ex rel. Syracuse Improvement Co. v. Morgan, 59 App. Div. 302.) The machinery can be removed by unbolting it from its piers and foundations without material injury, and respondent admits it is essential to the operation of all of the *439 property in question. Moreover, it nowhere appears that this equipment was affixed to the realty with the intention that it was to he permanent in nature.
It is clear that this machinery and equipment included in the assessments for improvements is personal property and not assessable as real estate, and is exempt from local taxation under section 3 of the Tax Law. (People ex rel. General Chemical Co. v. Cantor, 105 Misc. 62, affd. 188 App. Div. 959; People ex rel. Ruppert Realty Corp. v. Cantor, 115 Misc. 519, affd. 204 App. Div. 863; Matter of Leonhard Michel Brewing Co. v. Cantor, 119 Misc. 854.)
The fact that the machinery and equipment in question is not housed in a building would not mitigate against the effect of the reasoning adopted in the cited cases, nor prevent section 3 of the Tax Law from being applicable.
An order may be submitted, with $10 costs, directing the reassessment of the property of petitioner, and the correction of the assessment upon the roll to eliminate the machinery and equipment of petitioner not properly included as real estate in accordance with this opinion.