■ In the Matter of EDSON A. MARTIN, Respondent, v. CHARLES F. GWYNN et al., Constituting the Board of Assessors of the Town of Colton, et al., Appellants.— Appeal from a judgment and order of a Special Term of the Supreme Court, St. Lawrence County. The appellants constituting the Board of Assessors of the Town of Colton, St. Lawrence County, appeal from an order at Special Term annulling as erroneous an assessment as real property of certain machinery and equipment on petitioner's land, which the Special Term held to be personalty. The machinery and equipment here in issue was used in connection with a gravel pit and consisted of a hopper, constructed of wood, lined with steel, and resting on the ground; primary and secondary crushers

fastened to a concrete foundation by anchor bolts; a two-decked screen mounted on four steel columns fastened to a concrete foundation by anchor bolts; conveyors supported by columns fastened to a concrete foundation; a classifying device, electric motors, and finally a triple-deck screen mounted on steel columns. There can be little doubt that on general principles of law this plant would be treated as real property (*Herkimer County Light & Power Co.* v. *Johnson*, 37 App. Div. 257; *People ex rel. National Starch Mfg. Co.* v. *Waldron*, 26 App. Div. 527). But by operation of a special statute having application in this case, the plant must be treated as personal property. The Real Property Tax Law (§ 102, subd. 12, par. [f] [formerly Tax Law, § 3]) provides that the term "personal property" shall include any "movable machinery or equipment" used for trade or manufacture, not "essential for the support of the building, structure or superstructure, and removable without material injury thereto" which is "the property of" a corporation "taxable under" article 9-a of the Tax Law. It is established that the plant is the property of the Racquette River Equipment Corporation and that the corporation is subject to article 9-a taxation. Hence the usual standard of what is personal property does not obtain. The test is whether it is "movable" machinery and equipment and the proof in the record clearly demonstrates that all of it is movable. Not being located in any building, it is not "essential for the support" of "the" building, but stands fastened to the open ground in a movable condition. The history of the statute of exemption shows clearly that the article 9-a franchise tax on certain corporations was intended by the Legislature to be a tax in lieu of personal property taxes on these corporations and therefore the special definitions of section 102 (subd. 12, par. [f]) of what is and what is not personal property should apply to removable equipment used in trade or manufacture. (N. Y. Legis. Joint Committee on Taxation and Retrenchment, Feb., 1919, pp. 838–848, 1035–1037; *People ex rel. General Chem. Co.* v. *Cantor*, 105 Misc. 62, affd. 188 App. Div. 959, affd. 228 N. Y. 506; *People ex rel. Ruppert Realty Corp.* v. *Cantor*, 115 Misc. 519, affd. 204 App. Div. 863; Bell, Classification of Property in New York for Purposes of Real Property Taxation, 25 Albany L. Rev., pp. 83–89). The question was decided, consistently with the decision now being made, in *Matter of Tri-County Asphalt & Stone Co.* v. *Board of Assessors* (17 Misc 2d 437). The compensatory arrangement by the Legislature providing for this exemption from taxation seems to us both reasonable and constitutional. Judgment and order unanimously affirmed, with costs. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.