Bergan, J. (dissenting).
The provisions of subdivision 12 (par. [f]) of section 102 of the Real Property Tax Law, as the majority opinion demonstrates, are concerned with definitions. This subdivision provides that “ Real property ”, “ property ”, or ‘ ‘ land ’ ’ include certain enumerated items, but do not include ‘ ‘ movable machinery or equipment consisting of structures or erections to the operation of which machinery is essential * * * used for trade or manufacture and not essential to the support of the building, structure or superstructure, and removable without material injury thereto ” of a corporation taxable under article 9-A of the Tax Law.
This rather ambiguous language to be intelligible must be read with its purpose in mind—to relieve corporations already paying corporate franchise taxes from paying an additional real estate tax on certain machinery and equipment used dynamically in the corporate enterprise.
*232 The first and basically controlling test is that the property be “ movable ”. The expression “ machinery * * * to the operation of which machinery is essential ” would intrinsically be meaningless; and therefore this reference must be to “ equipment consisting of structures ” to the operation of which machinery is possible. Such structures would embrace a large variety of industrial facilities where the two conditions of movability and essential operation by machinery conjoin.
The sentence thereupon deals with exclusions from these general categories following the word “ not ”. Property otherwise in the described category does not fall in the class of personalty if it is essential “ to the support ” of “ the ” building or structure or if in removing it there is material injury to the building or structure.
This can be readily visualized in respect of movable machinery which either supports the building where it is installed or would materially damage it if removed. It is not so easy to understand what is meant by ‘ ‘ movable * * * equipment consisting of structures * * * not essential to the support of the * * * structure # * * and removable without material injury thereto ”.
These literal expressions may be reconciled and rationalized reasonably to mean that, if a movable structure meeting the other statutory tests may be taken away as an entity, it is not real estate; but if it is a qualifying movable structure, i.e., one in which machinery is essential to function, in another structure or building and supports that other structure or removal would cause material damage to that embracing structure, it is real estate.
There is some relevant discussion of the definitive terms of this statutory language in Matter of Martin v. Gwynn (18 A D 2d 851). There the machinery and equipment in issue used in connection with a gravel pit consisted of a hopper, constructed of wood, lined with steel, and resting on the ground, and crushers bolted to a concrete foundation, screens, conveyors, and classifying equipment all on concrete foundations or on steel columns.
In view of the fact that the corporation considered there was taxable under article 9-A, the court noted: “Hence the usual standard of what is personal property does not obtain. The test is whether it is ‘ movable ’ machinery and equipment and the *233 proof in the record clearly demonstrates that all of it is movable. Not being located in any building, it is not ‘ essential for the support ’ of ‘ the ’ building, but stands fastened to the open ground in a movable condition. The history of the statute of exemption shows clearly that the article 9-a franchise tax on certain corporations was intended by the Legislature to be a tax in lieu of personal property taxes on these corporations and therefore the special definitions of section 102 (subd. 12, par. [f]) of what is and what is not personal property should apply to removable equipment used in trade or manufacture.”
The statute defining what is not real estate under this special corporate test says nothing about size or bulk or difficulty in removal. It does not, for example, say “readily” removable. It lays down its own special tests for this special kind of tax classification.
It does not say that the removable equipment or machinery must have been “ intended ” to be removed by the corporation when installed, a test prescribed in this case at Special Term; nor that it is economically feasible to remove it, a test prescribed at the Appellate Division. The difference, therefore, between something very large, such as a blast furnace or a coke oven, in a steel plant and something of more moderate size, such as a stone crusher in a gravel pit, is one, merely, of degree and not of different category in statutory definition.
It is true, for example, as Judge Fuld points out, that a huge amount of refractory brick must be taken out and wasted if such structures as the blast furnaces, open hearth furnaces and coke ovens are to be moved. But this brick is not to be treated as brick in the wall of a building. The proof is that it is an expendable item which must in any event be periodically renewed, something like brake shoe lining used in railroads or oil in a car. Proof in the record is that this brick is an 1 ‘ expendable item ’ ’ and ‘ ‘ must be constantly repaired and replaced ”, some of it “ about every three months ”.
If “movable”, and if qualified by corporate use and by dependence on machinery, and if standing as a “ structure ” or “ erection ” on its own, either group would fall literally within the statute. The fact that a steel plant is much larger and its equipment correspondingly more bulky spells out no distinction under the words of the statute.
*234 For a broad analysis of the problem of classification of property for the purpose of taxation when owned by a corporation subject to franchise tax see Bell, Classification of Property in New York for Purposes of Real Property Taxation (25 Albany L. Rev. 76; Property of “9-A” Corporations, p. 88), which illustrates the kind of machinery and equipment that, although for general tax purposes would be regarded as real estate, would, in the case of use for business and trade by a 9-A corporation, be regarded as personalty. The statute sets up a highly artificial standard, but for this special purpose that standard, rather than the common-law concept of what is real estate and what personalty, must apply.
The construction of the statute in the direction of excluding from real estate taxes equipment and machinery within these categories and used for the trade has been fairly consistent. In an early case following closely upon the enactment of the first predecessor statute to the present paragraph (f) of subdivision 12 (L. 1917, ch. 726) it was held that machinery and equipment attached to a building, but removable, used in manufacturing chemicals was not real estate (People ex rel. General Chem. Co. v. Cantor, 228 N. Y. 506).
Vats and kettles used in making ice and beer were similarly treated in Matter of Leonhard Michel Brewing Co. v. Cantor (119 Misc. 854), and the machinery in an artificial ice plant in People ex rel. Ruppert Realty Corp. v. Cantor (115 Misc. 519, affd. 204 App. Div. 863).
In the last case, decided in 1921, there is a careful examination at Special Term of the history behind the taxation of this kind of corporate property (pp. 535-537) and the ice plant machinery which was assembled and erected in the building was found capable of being disassembled and removed, and hence was not to be treated for tax purposes as real estate. To similar effect is Matter of Tri-County Asphalt & Stone Co. v. Board of Assessors of Town of Kingsbury (17 Misc 2d 437).
Judge Ftjld’s statutory interpretation rests in part on the language of former section 3 of the Tax Law as it read before the 1958 recodification which produced subdivision 12 (par. [f ]) of section 102 of the Beal Property Tax Law.
Because subdivision 5 of section 1602 of that statute provides that the legislative intent in the enactment of the 1958 statute *235 was to effectuate a continuation and restatement of the former law without change in substance or effect, it is suggested that the former statute is controlling.
But a man is entitled to read a currently operative statute affecting his property and rights according to its manifest language and ought not be required to understand what it means by reading an old statute which has been repealed. This seems especially important in respect of a tax statute.
When there is true inconsistency between the old statute and the new one, the latter must be applied. If, for example, the old statute said “black” and the new statute said “white”, but nevertheless it was “intended to effectuate a continuation and restatement, without change in substance or effect ” of the old statute, ‘ ‘ white ’ ’ should be applied on the ground the general direction for interpretation must yield to the specifically superseding and inconsistent word. “ Courts must be slow to hold that statutes do not mean what they say because some time in the past they said and meant something else ” ( Cardozo, J., in People ex rel. Rand v. Craig, 231 N. Y. 216, 220).
In the case of ambiguity in the older statute in such a situation as the one before us, one may look to the new superseding statute for enlightenment on the whole continuing legislative intent as to what is continuing “without change”. The old words are not the only criteria of the legislative purpose. The new words are equally important. In Goodrich v. Russell (42 N. Y. 177), for example, it was noted that, although statutes relating to the same subject are to be construed together, this rule does not control the language of a new statute by any supposed policy of previous enactments.
If the present statute were flatly contradictory to the old one, the present one would prevail. We need not go that far here. There is an ambiguity in the former statute which is clarified in the present one, and has relevance to the case before us. In its definition of personal property ‘ ‘ not * * * liable to taxation”, former section 3 included movable machinery and equipment, etc., but not certain items such as boilers, etc., “ nor any equipment consisting of structures or erections to the operation of which machinery is not essential ”.
This series of negatives leaves a certain ambiguity, but stated affirmatively the language seems to mean that any structure or *236 erection to the operation of which machinery is essential is personal property of a 9-A corporation.
The subdivision 12 (par. [f]) enactment clarifies this and restates it more simply this way: “ structures or erections to the operation of which machinery is essential ’ ’. This is quite consistent with the former statute and is something of a clarification of intent.
If this is correct it would seem to follow that movable structures or erections to the operation of which machinery is essential, as well as movable machinery, are not real property.
Whatever may be said about the form and substance of some of the predecessor statutes as being statutes of exemption, especially those in effect while personal property was taxable, it seems quite clear that subdivision 12 of the present statute is not an exemption .statute. Even former section 3 of the Tax Law might be regarded as something of a statute of exemption since “ personal property * * * shall not be liable to taxation ” and the description of what was personal property of a 9-A corporation follows this clause.
But that is not the way the present statute reads. It prescribes all real estate taxable and defines some things as real estate and some things as not real estate. This is a statement of classification and not of exemption. This distinction is very clearly laid down by Chief Judge Lehman in Matter of Good Humor Corp. v. McGoldrick (289 N. Y. 452, 455). (See, also, Matter of Allied Chem. Corp. v. Kowal, 9 A D 2d 121, 124, affd. 8 N Y 2d 730; American Locker Co. v. City of New York, 308 N. Y. 264; Matter of Grumman Aircraft Eng. Corp. v. Board of Assessors, 2 N Y 2d 500, 510.)
It was stipulated that all the property in dispute is owned by a corporation taxable under article 9-A of the Tax Law, and that it is all used by the corporation for trade or manufacture. The Special Term made no specific findings as to whether the property in dispute could or could not be moved. The city’s proof was that all of it could be dismantled and moved. The board’s proof was that some of it could not be moved without destructive dismantling, but its witness admitted it was physically possible to remove the disputed items.
It is a reasonable inference from its opinion that the Special Term found that the disputed equipment and machinery was *237 movable but that it was not intended by the owner it be removed, and the opinion at the Appellate Division is in the same direction.
All of the large structures are physically removable, and machinery is essential to their functions. Thus they literally fall within the statute and their size and weight do not change their special statutory status as personal property when owned and used in the business of this corporation.
The order should be modified by granting the relief sought by the city in full and, as modified, affirmed, without costs.
Judges Van Voorhis, Burke and Scileppi concur with Judge Fuld; Judge Bergan dissents in an opinion in which Chief Judge Desmond and Judge Dye concur.
Ordered accordingly.