■ In the Matter of CHARLES R. WOOD ENTERPRISES, INC., Petitioner, v STATE TAX COMMISSION, Respondent. In the Matter of FANTASY RIDES, INC., Petitioner, v STATE TAX COMMISSION, Respondent. In the Matter of GASLIGHT RIDES, INC., Petitioner, v STATE TAX COMMISSION, Respondent.—Proceedings pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review determinations of the State Tax Commission which upheld sales tax assessments against petitioners. Petitioners are corporations, each of which has as its president and majority stockholder Charles R. Wood and as its principal business the ownership and operation of various attractions, displays and/or rides at either Storytown U. S. A. or Gaslight Village, amusement parks in Warren County. In these proceedings, petitioners seek the annulment of determinations of the State Tax Commission wherein assessments against petitioners by the Sales Tax Bureau were sustained. Initially, we find without merit the contention of petitioner Charles R. Wood Enterprises, Inc., that its purchase in 1971 of a "Futuro II House" was exempt from sales tax, pursuant to section 1115 (subd [a], par [17]) of the Tax Law, as a capital improvement to real property. While nominally a modernistic space-age house which was furnished and contained a kitchen, a bathroom and a fireplace, the structure in question served as a residence for no one and was actually a display used for a commercial purpose as an adjunct to an amusement park. Moreover, although originally bolted to footings at a site prepared by petitioner, it was removable therefrom without material damage to the underlying property and has been so removed and placed on skids. It has also been taken off the real estate tax assessment rolls, and in the words of Charles R. Wood, it just "sets there, and I'm stuck with it". Such being the case, the structure was obviously never permanently affixed to the realty so as to become an integral component thereof or constitute a capital improvement, and it was and remains personalty. Consequently, the cited statutory exemption is plainly inapplicable. Similarly, various amusement rides purchased by petitioners Fantasy Rides, Inc., and Gaslight Rides, Inc., were personal property and not, as argued by petitioners, capital improvements to real property which would be exempt from the sales tax. The rides in question, except for the "Paratrooper" which merely rested on special jack pads, were all bolted into bases, and they could all be readily removed without damage to the property. As such, pursuant to section 102 (subd 12, par [f]) of the Real Property Tax Law, they are clearly excluded, as movable machinery or equipment, from being capital improvements to real property and are, accordingly, subject to the sales tax (cf. *Matter of Martin v Gwynn,* 18 AD2d 851; *Matter of West Mountain Corp. v Miner,* 85 Misc 2d 416). With regard to the purchase by petitioner Fantasy Rides, Inc., of a new steel cable for its sky ride, an aerial ride supported on steel beams, this was

also taxable. While we cannot agree with the commission's determination that the sky ride constituted real property, the purchase of the cable is nonetheless taxable as relating to the repair or improvement of personal property (cf. *Matter of West Mountain Corp. v Miner, supra).* The final imposition of sales tax which we must consider involves as assessment based upon a purchase by petitioner Fantasy Rides, Inc., costing $5,372.39 and evidenced by a letter from the Land of Make Believe, another amusement park, to Fantasy Rides, Inc. Petitioner has not adequately explained what this purchase was and, in seeking to escape the sales tax, relies upon the incompleteness of its own records. Clearly, it has thereby failed to demonstrate that the assessment was erroneous, and in the absence of proper records, the tax bureau appears to have chosen a method "reasonably calculated to reflect the taxes due" *(Matter of Grant Co. v Joseph,* 2 NY2d 196, 206, mot for rearg den 2 NY2d 992, cert den 355 US 869). Under the circumstances, the assessment should be sustained (Tax Law, § 1138, subd [a]; cf. *Matter of Meyer v State Tax Comm.* 61 AD2d 223, mot for lv to app den 44 NY2d 645). In conclusion, there is no merit to the contention raised in the briefs of petitioners Fantasy Rides, Inc., and Gaslight Rides, Inc., that certain of the assessments against them challenged herein are barred by the applicable Statute of Limitations contained in subdivision (b) of section 1147 of the Tax Law. Neither of these petitioners filed a sales tax return. When such is the case, the cited statute explicitly provides that the tax may be assessed at any time, and nothing in respondent's conduct serves to justify or excuse petitioners' failures to file. Determinations confirmed, and petitions dismissed, without costs. Mahoney, P. J., Greenblott, Sweeney, Staley, Jr., and Main, JJ., concur.