In the Matter of HONEOYE STORAGE CORPORATION, Respondent, v BOARD OF ASSESSORS OF THE TOWN OF BRISTOL, Appellant.

Fourth Department, December 12, 1980

APPEARANCES OF COUNSEL

*Wegman, Mayberry, Burgess & Feldstein (Richard S. Mayberry* of counsel), for appellant.

*Thomas Croucher* for respondent.

*Robert L. Beebe (Nancy H. Swanson* of counsel), for State Board of Equalization & Assessment, *amicus curiae.*

OPINION OF THE COURT

MOULE, J.

The question presented on this appeal is whether certain equipment at the compressor station of the Honeoye Stor-

age Corporation in the Town of Bristol was properly classified as taxable real property by the State Board of Equalization and Assessment.

Honeoye Storage Corporation (Honeoye), a New York corporation subject to taxation under article 9-A of the Tax Law, operates an underground natural gas storage field in the Towns of Richmond and Bristol, Ontario County. As part of its business, it receives natural gas from a pipeline carrier which is pumped into its storage field and, in the winter, is pumped back into the pipeline for delivery by the carrier to customers in New York City. To accomplish this, Honeoye owns the compressor station on a 10-acre parcel of land in the Town of Bristol.

In 1979 the State Board of Equalization and Assessment (SBEA), at the request of the county director, appraised the subject property. The appraisal was submitted by the SBEA to the Assessor of the Town of Bristol and adopted as the assessed value of the subject property, and appears in the 1979 roll as, "Land value only $15,000. Full assessed value $1,147,600.00." Honeoye's request for reduction of the assessment was denied by the town's board of assessment review, and the assessment became final on August 13, 1979. The total appraisal included value of other land, buildings and improvements, which are not disputed here.

The part of the assessment contested concerns the compressor station equipment, purification equipment and measuring and regulating equipment found by the SBEA to be nonmovable "equipment for the distribution of * * * gases" (Real Property Tax Law, § 102, subd 12, par [f]), and taxed as real property. The equipment specifically consists of these items: two large (1,100 horsepower) compressors, each approximately 30 feet long, 6 feet wide and 10 feet tall; two small (5 horsepower) compressors, each approximately 3 feet by 5 feet by 28 inches; an odorizer, approximately 10 feet tall and 3 or 4 feet in diameter; a filter separator, approximately the size of a small compressor; a fuel heater and a fuel meter, each smaller than a small compressor; four control panels, each about the size of a table top; a calorimeter and an emergency generator, each about the size of a small compressor; a dehydration unit; a hoist;

and various meters and testers. The large compressors, small compressors and emergency generator are mounted on skids and bolted to the concrete floor; the hoist is mounted on a beam bolted to the ceiling and running the 34-foot width of the building; and the remaining items are fastened to the floor by bolts. All the equipment could be unbolted and moved without material injury to the building.

On September 10, 1979 Honeoye commenced this tax certiorari proceeding pursuant to article 7 of the Real Property Tax Law for a review of the assessment. Based upon evidence taken at trial on December 20, 1979 and January 22, 1980, the court ruled that the compressor station equipment, purification equipment and measuring and regulating equipment were exempt from real property taxation under section 102 (subd 12, par [f]) of the Real Property Tax Law. It found that the equipment was not essential for the support of the building and was removable without material injury to it; that equipment for the distribution of gases referred to in the statute applies to property that makes the building functional for general purposes, excluding property used in the processing and storage of materials for a particular corporation; and ordered that the assessment of the subject equipment be nullified and the remaining property reassessed.

The Board of Assessors of the Town of Bristol appeal the order, contending that Honeoye's compressor station equipment is taxable under section 102 (subd 12, par [f]) of the Real Property Tax Law, which reads:

"12. 'Real property', 'property' or 'land' mean and include * * *

"(f) Boilers, ventilating apparatus, elevators, plumbing, heating, lighting and power generating apparatus, shafting other than counter-shafting and equipment for the distribution of heat, light, power, gases and liquids, but shall not include movable machinery or equipment consisting of structures or erections to the operation of which machinery is essential, owned by a corporation taxable under article nine-a of the tax law, used for trade or manufacture and not essential for the support of the building, structure or

superstructure, and removable without material injury thereto''.

The first part of this contention is that Honeoye's equipment is "equipment for the distribution of * * * gases" within the statute and, thus, real property.

This portion of the statute including within the definition of real property "equipment for the distribution of heat, light, power, gases and liquids" encompasses only such facilities as would be common to all manufacturing structures, such as the usual plumbing, sewage and heating facilities, and not those present due to the particular manufacturing process involved *(Matter of City of Lackawanna v State Bd. of Equalization & Assessment of State of N. Y.,* 21 AD2d 318, mod on other grounds 16 NY2d 222). Inclusion in the definition of real property should depend on whether the equipment is so inextricably attached to real property as to become a part thereof, not on the title of the business it is used in. As the equipment here is present solely for use in Honeoye's business of natural gas storage, and not for general energy consumption to make the plant facility functional, it is not encompassed by this definition of real property.

The second point of this contention is that Honeoye's equipment is not within the exclusion from real property of "movable machinery * * * not essential for the support of the building * * * and removable without material injury thereto". (Real Property Tax Law, § 102, subd 12, par [f].)

The equipment here is not of such tremendous size, and its installation of such a permanent nature, as to make its movement both physically and economically unfeasible *(Matter of City of Lackawanna v State Bd. of Equalization & Assessment of State of N. Y.,* 16 NY2d 222, *supra)*. The equipment is fastened to the concrete floor by bolts and is readily removed from the property, although not necessarily without the use of a crane for the larger items, without material damage to the structure. Furthermore, the equipment is not essential to the support of the building. Therefore, it is not included in the category of real property (see *Matter of Wood Enterprises v State Tax Comm.,* 67 AD2d 1042; *Matter of Martin v Gwynn,* 18 AD2d 851).

Bristol contends that the claim of unequal assessment, set forth in Honeoye's petition, should be dismissed as a matter of law. The trial court held that there was no proof of inequality in the assessments and, in view of our holding herein, there is no reason to consider it further.

The order should be affirmed.

DILLON, P. J., CARDAMONE, HANCOCK, JR., and CALLAHAN, JJ., concur.

Order unanimously affirmed, with costs.