■ In the Matter of HAROLD WALLACE et al., Appellants, v TOMPKINS COUNTY BOARD OF ASSESSMENT REVIEW, Respondent. — Appeal from an order of the Supreme Court at Special Term (Bryant, J.), entered August 10, 1982 in Tompkins County, which, in a proceeding pursuant to article 7 of the Real Property Tax Law, denied petitioners' motion for partial summary judgment. Petitioners, owners of property located at 105 Cherry Street, Ithaca, New York, protested the assessment of their property to the Tompkins County Board of Assessment Review. They assert that certain machinery and equipment owned by Wallace Steel, Inc., a scrap metal processor which operates a business at this location, has been improperly assessed as part of petitioners' real property. The board denied the protest. Petitioners seek herein partial summary judgment on the ground that the machinery in question, a 60-ton in-ground scale and a bridge crane, runway and supports, are removable and exempt from the real property tax pursuant to section 102 (subd 12, par [f]) of the Real Property Tax Law. Special Term denied the motion on the ground that issues of fact exist as to whether the machinery was properly excludable. The court found that a question of fact exists as to whether Wallace Steel, Inc., was actually taxable under article 9-A of the Tax Law, and whether petitioners as landowners were entitled to any exemption. There must be a reversal. Section 102 of the Real Property Tax Law reads, in pertinent part: "When used in this chapter, unless otherwise expressly stated or unless the context otherwise requires: * * * 12. 'Real property', 'property' or 'land' mean and include: * * * (f) Boilers * * * but shall not include movable machinery or equipment consisting of structures or erections to the operation of which machinery is essential, owned by a corporation taxable under article nine-a of the tax law, used for trade or manufacture and not essential for the support of the building, structure or superstructure, and removable without material injury thereto". The affidavit of Norman S. Freedman, vice-president of Wallace Steel, Inc., alleges that Wallace Steel, Inc., runs its business at 105 Cherry Street and that it pays franchise taxes to New York State and is subject to taxation under article 9-A of the New York State Tax Law. He further alleges that Wallace Steel owns the equipment which is the subject of the instant proceeding. The scale in question, known as a 60-ton scale, is used in connection with its scrap iron business. It weighs steel received or sold. He affirms also that the scale is not a part of the support or structure or superstructure of any building and can be removed without material injury to the property. Mr. Freedman further states that the bridge crane runs on two tracks of 600 feet of lineal runway. The tracks are supported by 16 uprights which are bolted to concrete piers in the ground. The crane picks up and moves scrap iron from one location to another. The crane can be removed from the tracks, and the tracks and uprights can be easily unbolted and moved to other locations. He states, too, that this equipment is also not essential to the support of any building, structure or superstructure and can be removed without injury to the land or buildings. He states that Wallace Steel, Inc., would take both items with it if the company were to move from its current location. Additionally, there is appended to the petition clippings from trade periodicals indicating that similar bridge cranes and runways are sold and

have an independent value from land. Respondent's affidavit does not put in issue any of the statements made by petitioners. In its answer, respondent merely raises the question as to whether the machinery must be owned by the petitioning landowner in order to qualify under the exemption contained in the statute. This statement does not raise a question of fact but only a question of law which should have been resolved by the court below. The remaining affirmations of respondent are either irrelevant or conclusory and thus without legal effect. We find that Mr. Freedman's affidavit demonstrates that the scale and crane fall within the purview of section 102 (subd 12, par [f]) of the Real Property Tax Law and were not properly assessed as part of the real property. Legal precedent also supports such a conclusion (*Matter of Honeoye Stor. Corp. v Board of Assessors of Town of Bristol,* 77 AD2d 468, mot for lv to app den 53 NY2d 601; *Matter of Tri-County Asphalt & Stone Co. v Board of Assessors of Town of Kingsbury, Washington County,* 17 Misc 2d 437). Petitioners have sustained their burden of proof of entitlement to the exemption. Order reversed, on the law and the facts, without costs, and motion granted. Mahoney, P. J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.