■ In the Matter of Richard C. Penfold, Doing Business as C.I.D. Refuse Service, Petitioner, v State Tax Commission, Respondent.—Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which sustained a sales tax assessment imposed under Tax Law article 28.

Petitioner is engaged in the business of furnishing refuse removal services for commercial, industrial and residential customers. The refuse is disposed of at various landfills, including one owned by a corporation of which petitioner is the sole stockholder. These landfills charge petitioner a fee based on the amount of refuse dumped. In billing his customers, petitioner itemizes the charges for service, sales tax and dumping. For residential customers, the dumping fee is a flat rate; for commercial and industrial patrons, the dumping fee is arrived at based on the volume of refuse actually dumped. The difference between petitioner's total cost of servicing an account (including dumping) and the dumping charge attributable to that account represents the service charge. Petitioner collects sales tax only on the revenues from service. Because no sales tax is imposed on the dumping charge levied by the landfills, petitioner in turn collects no sales taxes on the dumping charge he passes on to his customers.

Following an audit of petitioner for the period June 1, 1977 through February 29, 1980, the Department of Taxation and

Finance concluded that the dumping fees were expenses incurred in the business of selling refuse removal services and were, therefore, subject to sales tax. An additional sales tax plus interest was then assessed. Petitioner thereupon filed for redetermination and was afforded a hearing after which respondent denied the petition and sustained the deficiency. Although other issues were raised before respondent, this proceeding was expressly limited on oral argument by petitioner to the propriety of respondent's determination that the dumping charges separately stated on petitioner's bills are subject to sales tax.

Petitioner acknowledges that his receipts from trash removal services are subject to sales tax (Tax Law § 1105 [c] [5]), but argues that since charges for the dumping of refuse admittedly are not taxable to the user, the dumping charges he passes on to his customers are not includable as taxable receipts. However, Tax Law § 1101 (b) (3) defines a receipt as "the charge for any service taxable under this article * * * without any deduction for expenses". Furthermore, the applicable tax regulation provides that "[a]ll expenses, including * * * service charges, incurred by a vendor in making a sale, *regardless of their taxable status* and regardless of whether they are billed to a customer are not deductible from the receipts" (20 NYCRR 526.5 [e]; emphasis supplied). The foregoing indicates respondent's determination that the dumping charges petitioner pays to the landfills are indeed taxable has a sound basis. Parenthetically, we find petitioner's challenge to the regulation unpersuasive since it is reasonable and in harmony with the statute *(see, State Div. of Human Rights [Valdemarsen] v Genesee Hosp.,* 50 NY2d 113, 118).

To reinforce the thesis that the dumping charge is a separate, nontaxable receipt, petitioner also argues that disposal of the refuse is a transaction separate and distinct from the service of picking up and delivering the refuse. Except for one commercial account, a food supermarket, where this argument has been recognized by respondent as having force, the record is clear that petitioner's customers purchase but one service, the removal of refuse. Disposal of that refuse is, in our view, an integral aspect of that service and cannot reasonably be reckoned a separate service arising from a different transaction.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Main, Casey, Yesawich, Jr., and Harvey, JJ., concur.