■ In the Matter of CECOS INTERNATIONAL, INC., Petitioner, v STATE TAX COMMISSION, Respondent.—Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

Petitioner operates a secure landfill and waste treatment facility for the disposal of chemical waste. Petitioner accepts from its customers bulk waste, liquid and solid waste in drums, and liquid waste by the tanker load. Liquid waste may not be buried; thus it is either neutralized and filtrated at petitioner's waste treatment facility so as to remove the hazardous material or it is solidified so that it may be buried. Petitioner charges more for the disposal of waste which has to be solidified or treated.

For many of its customers, petitioner arranges with various independent contractor haulers for the transportation of the waste from the customer's site to petitioner's facility. If the customer designates a preferred hauler, petitioner makes arrangements with that hauler. Otherwise, petitioner chooses the hauler. The haulers are not affiliated with petitioner. On the invoices to its customers, petitioner states separately the freight charge for the services of the hauler. Petitioner adds to the hauler's charge a 5% to 10% surcharge.

After conducting an audit, the Department of Taxation and Finance determined that sales tax should be imposed on petitioner for transportation of its customers' waste and for petitioner's treatment of the liquid waste. Tax liability was established in the amount of $121,085 plus interest for the period March 1, 1977 through February 29, 1980. Petitioner then filed with respondent a petition challenging the assessment. Petitioner subsequently executed a partial withdrawal of the petition, leaving $35,910.53 as the amount of tax assessment in dispute. Following an administrative hearing, the assessment was sustained. This CPLR article 78 proceeding ensued and was transferred to this court.

We turn first to the issue of whether substantial evidence supports respondent's determination that petitioner's freight and disposal charges are part of a trash removal service within Tax Law § 1105 (c) (5). That statute provides for the taxation of "trash removal from buildings". Here, the record reveals that the transportation of waste is an integral part of petitioner's waste removal service. Petitioner routinely provided this service and it, rather than the carrier, received direct payment from the customer. Further, petitioner imposed a surcharge for the cost involved in making the transportation arrangements. Hence, the tax on the transportation charge and the dumping fees charged as an incident thereto are supported by substantial evidence (cf. Matter of Penfold v State Tax Commn., 114 AD2d 696).

Next, petitioner contends that respondent erroneously determined that petitioner's charges for treatment and disposal of liquid chemical waste was a taxable service. Tax Law § 1105 (c) (2) imposes a tax on the service of "processing * * * tangible personal property, performed for a person who directly or indirectly furnishes the tangible personal property, not purchased by him for resale, upon which services are performed". "Processing" is defined as "the performance of any service on tangible personal property for the owner which effects a change in the nature, shape, or form of the property" (20 NYCRR 527.4 [d]). Here, in order to insure that the liquid waste can be disposed of, petitioner changes the nature of the property provided by its customers. Petitioner asserts, however, relying upon certain examples from respondent's regulation (see, id.), that the property upon which the services are performed must be retained by the customer in order for a taxable service to have occurred under this provision of the law. While this observation is true regarding the examples provided in the regulation, the regulation does not purport to exclude property which is not retained by the customer. Nor is such property excluded from taxation by the terms of the statute. Further, this court has recently confirmed a determination under Tax Law § 1105 (c) (2) where the supplier of the property did not retain it after the services were performed on it (see, Matter of Harrison Servs. v State Tax Commn., 124 AD2d 251). Accordingly, we conclude that respondent's interpretation and application of the statute was rational.

Determination confirmed, and petition dismissed, without costs. Main, J. P., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.