*933 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Respondent Tax Commission has imposed a sales tax deficiency assessment upon petitioner in the principal amount of $132,000 after determining that petitioner’s payments to independent haulers to collect, transport and properly dispose of industrial fly ash — a waste product of coal combustion — constituted receipts from the taxable service of maintenance to real property (Tax Law § 1105 [c] [5]; 20 NYCRR 527.7 [a] [1]; [b] [2]). Section 1105 (c) (5) imposes a sales tax upon the receipts from the sales of the following services: "Maintaining, servicing or repairing real property, property or land * * * whether the services are performed in or outside of a building, as distinguished from adding to or improving such real property, property or land, by a capital improvement” (emphasis added). The statute then excludes from taxation: "interior cleaning and maintenance services performed on a regular contractual basis for a term of not less than 30 days, other than window cleaning, rodent and pest control and trash removal from buildings” (emphasis added).
Petitioner has raised several arguments concerning the fly ash removal service to establish that tax-free treatment should be afforded the service.
Petitioner first contends that fly ash removal does not constitute "trash removal from buildings” and that if it is "trash” in the broad sense of the word "trash removal from buildings” should be limited to ordinary janitorial services. Fly ash is concededly a waste product, with little or no economic value and is hauled to landfills by carriers retained by petitioner. Moreover, the removal of fly ash from petitioner’s power generating plants is unquestionably a maintenance service to real property, which is enumerated as an item subject to taxation. Accordingly, there is no merit to these contentions.
We also decline to accept petitioner’s argument that the language of Tax Law § 1105 (c) (5) has the effect of making "trash removal from buildings” a subset of the tax exclusion for "interior cleaning and maintenance services performed on a regular contractual basis for a term of not less than thirty days”. Rather, our reading of each clause contained in Tax Law § 1105 (c) (5) confirms that fly ash removal should be *934 considered a taxable service whether it falls within the broad language contained in the first clause of section 1105 (c) (5), and thus is never considered excludable, or whether it falls within the potential exclusion but is then exempted from that exclusion by the final clause of the statute (see, Cecos Intl, v State Tax Commn., 71 NY2d 934 [decided herewith]). The obvious legislative intent was to tax trash removal. The applicable regulation (20 NYCRR 527.7 [b] [2]), stating that all services for trash or garbage removal are taxable, "whether from inside or outside of a building or vacant land” (emphasis added), supports this interpretation of the governing statute (see also, 20 NYCRR 527.7 [a] [1]).
Petitioner’s related argument that fly ash removal is exempt from taxation pursuant to Tax Law § 1115 (a) (12) is also without merit. Section 1115 (a) (12) exempts from tax the receipts from sales of machinery or equipment used for the production of electricity. Plainly, fly ash is not machinery or equipment.
Finally, the Appellate Division correctly held that the fly ash removal does not constitute an unenumerated, and thus nontaxable, transportation service. In this case, the collection, hauling and disposal of the fly ash constitutes an integrated service taxable under the plain language of section 1105 (c) (5) (see, Matter of Penfold v State Tax Commn., 114 AD2d 696, 697). The removal of fly ash to landfills is neither the transportation of a useful product from one location to another, nor an integral step in the erection of a capital improvement (see, Tax Law § 1105 [c] [5]).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed, with costs, in a memorandum.