OPINION OF THE COURT
Memorandum.
The judgment of the Appellate Division should be affirmed, with costs.
Respondent Tax Commission has imposed a sales tax deficiency assessment upon petitioner in the principal amount of $35,910.53, after determining that petitioner was performing the service of trash removal from buildings, a type of mainte *936 nance service to real property taxable pursuant to Tax Law § 1105 (c) (5), and that petitioner was performing the service of processing personal property, taxable pursuant to Tax Law § 1105 (c) (2).
Petitioner operates a secure landfill and waste treatment facility for the environmentally sound disposal of chemical wastes in Niagara Falls, New York. Three types of industrial waste are accepted by petitioner. The first type, "bulk waste” is typically contaminated soil. The second is solid or partially solid waste that arrives at the landfill in drums. If the waste is more than 85% solid the drum is placed in the landfill and buried. Because liquid waste may not be buried, however, if the waste in the drum is less than 85% solid it must be treated prior to disposal. It must either be solidified by the addition of a chemical agent known as "speedi-dri” or neutralized and filtrated in petitioner’s waste water treatment facility. The third type is liquid waste which arrives in a tanker rather than drums. Petitioner must use the water treatment facility to dispose of this waste. Petitioner charges customers an additional fee for disposal of the waste that must be solidified or water-purified in order to meet disposal standards.
For many customers petitioner arranges with independent haulers for the transportation of the waste from the customer’s site to petitioner’s facility. If the customer designates the hauler, petitioner makes the arrangements with that hauler. Otherwise, petitioner selects the hauler and adds a 5% to 10% surcharge over the price it is required to pay the hauler.
Respondent Tax Commission correctly determined that petitioner’s freight and disposal charges constituted the taxable maintenance service of trash removal from buildings (Tax Law § 1105 [c] [5]; see, Matter of Rochester Gas & Elec. Corp. v State Tax Commn., 71 NY2d 931 [decided herewith]). By arranging for the hauling of the waste to its facilities, and in fact applying a 5% to 10% surcharge, petitioner has performed this taxable service and it cannot, by merely separating the disposal and freight costs on its invoices, render the freight portion of the charges nontaxable (see, Matter of Penfold v State Tax Commn., 114 AD2d 696, 697). Petitioner’s contention that the removal of the industrial waste does not fall within the definition of trash removal from buildings is also without merit. The applicable regulation (20 NYCRR 527.7 [b] [2]) is quite broad, and through it respondent rationally interprets the governing statute as encompassing, '[a]ll services of trash and garbage removal * * * whether from inside or *937 outside a building or vacant land” (emphasis added) (see also, 20 NYCRR 527.7 [a] [1]).
With respect to invoices for services where the customer brought the industrial waste to - the Cecos landfill and treatment facility, we agree with the Tax Commission that a nontaxable situation occurs only when the waste can be disposed of without further treatment. When treatment is required, a sales tax can be imposed pursuant to Tax Law § 1105 (c) (2), which allows a tax upon the receipts from the sale of the service of "processing * * * tangible personal property, performed for a person who directly or indirectly furnishes the tangible personal property * * * upon which services are performed” (Tax Law § 1105 [c] [2]). Petitioner, referring to the four examples to the applicable tax regulation (20 NYCRR 527.4 [d]), contends that the treatment does not constitute "processing” of personal property within the meaning of Tax Law § 1105 (c) (2) because taxability requires that the tangible personal property be returned to the owner or someone within his dominion and control following processing. Neither the text of the statute nor the language of the regulation, however, so limits the definition of "processing”. Inasmuch as petitioner treated the waste and the cost of treating it was passed on to the customer, "processing for the owner” resulted and the transaction was subject to taxation whether the property was returned to the customer or not. Here, the Commission’s determination should be confirmed because the record indicates that Cecos charges its customers more for waste that must be processed than for waste that does not need processing.
Finally, there is insufficient evidence in the record for us to conclude as a matter of law that petitioner met its burden of establishing that some of the invoices should be free from taxation because they involved neither freight nor processing.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Judgment affirmed, with costs, in a memorandum.