■ In the Matter of HOOPER HOLMES, INC., Petitioner, v JAMES W. WETZLER, as Commissioner of Taxation and Finance, et al., Respondents. (Proceeding No. 1.) In the Matter of EQUIFAX SERVICES, INC., Petitioner, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. (Proceeding No. 2.)—Yesawich, Jr., J. Proceedings pursuant to CPLR article 78 (initiated in this court pursuant to Tax Law § 2016) to review two determinations of respondent Tax Appeals Tribunal which sustained sales and use tax assessments imposed under Tax Law articles 28 and 29.

Petitioners are corporations which obtain motor vehicle reports (hereinafter MVRs) from the Departments of Motor Vehicles (hereinafter DMVs) of New York and other States for automobile liability insurance carriers. The precise nature of petitioner Hooper Holmes, Inc.'s business is detailed in *Allstate Ins. Co. v Tax Commn.* (115 AD2d 831, *affd* 67 NY2d 999). As for petitioner Equifax Services, Inc., the services it renders its clients are virtually identical to those furnished by Hooper Holmes, except that they are provided not only in New York but elsewhere in the Nation. In *Allstate Ins. Co.,* it was determined, *inter alia,* that declaratory relief was inappropriate at that juncture on the question of whether Hooper Holmes' transactions are taxable as a sale of the service of furnishing information (Tax Law § 1105 [c] [1]) because administrative review had not been exhausted *(Allstate Ins. Co. v Tax Commn., supra,* at 832). That review has now been had and respondent Tax Appeals Tribunal (hereinafter respondent) has sustained tax assessments against petitioners for sales tax on their MVR transactions, prompting these CPLR article 78 proceedings to annul those determinations.

In *Allstate Ins. Co. v Tax Commn. (supra),* we held that the fact that Hooper Holmes collected the information in the MVRs from a single source, i.e., the DMV in New York, which had compiled the data in the MVRs, did not, as a matter of law, preclude application of the sales tax on receipts from the sale of the service of the furnishing of information *(supra,* at 833; *see,* Tax Law § 1105 [c] [1]). There is evidence in the record to support respondent's findings that petitioners were engaged commercially in the service of providing the information contained in the MVRs to their customers, that the

information was both new and valuable to their clientele and that petitioners exercised a significant degree of autonomy in the manner of collection and dissemination. As respondent held, the service provided by petitioners to their respective clients falls within the literal language of the statute. Therefore, it cannot be said that respondent's application of Tax Law § 1105 (c) (1) to the transactions at issue was unreasonable.

Nor do we find that respondent erred in concluding that the statutory exclusions claimed by petitioners do not apply. As to the exclusion for furnishing information "which is personal or individual in nature" (Tax Law § 1105 [c] [1]), we specifically rejected this contention in *Allstate Ins. Co. v Tax Commn. (supra,* at 834) and perceive no reason to depart from that conclusion on the fully developed record now before us.

We next turn to the issue unresolved in *Allstate Ins. Co. (supra),* namely, whether petitioners are, as they suggest, merely agents or "other persons acting in a representative capacity" for the recipients of the MVRs and therefore exempt from taxation under Tax Law § 1105 (c) (1). In confronting this issue, it should be kept in mind that it is petitioners who bear the burden of proving their entitlement to an exclusion from taxation *(see, Matter of Colt Indus. v New York City Dept. of Fin.,* 66 NY2d 466, 471), and further that with respect to Equifax, it stipulated with the Department of Taxation and Finance that for purposes of these proceedings, the capacity in which it was found to be acting in arranging to obtain MVRs from the DMV in New York would be deemed to apply to all of Equifax MVRs for which tax has been assessed for the taxable period at issue. To establish an agency or representative relationship there must be a manifestation that petitioners consented to act on behalf of their clients, subject to the latter's control and that the clients authorized this fiduciary relationship *(see, Matter of Custom Mgt. Corp. v New York State Tax Commn.,* 148 AD2d 919, 920; 2 NY Jur 2d, Agency, § 1, at 470-471; NY Jur, Words & Phrases, Representative, at 646-647; Black's Law Dictionary 1170, Representative [5th ed 1979]). In finding a vendor-purchaser relationship instead, we note that petitioners, not their clients, advanced the DMV registry fees and were obligated to pay for the MVRs requested, that, as in New York, in many States the DMVs were not aware of who would ultimately receive a particular MVR and that the DMVs delivered the MVRs to petitioners not their clients. While the only factor recited that is particularly persuasive is that agents generally do not advance money on

behalf of the principal without authorization, it is enough to provide substantial evidence to support respondent's determination. It is also noteworthy that petitioners produced no evidence that they were under the control of their clients. Rather, it appears that they alone controlled the charge for and operation of their services, including the manner and method by which they obtained and transmitted the MVRs to the insurance companies they served.

Hooper Holmes also contends that the fee paid the DMV for MVRs should not be included in determining petitioners' taxable receipts because the fee is tax exempt when assessed by the DMV (Tax Law § 1116 [a] [1]). Equifax makes a similar argument, but extends its application to all of the States in which it conducts its business. With respect to Tax Law § 1116 (a) (1), that exemption by its clear and explicit language applies only to New York and its various political and administrative subdivisions; there is no authority justifying passing that exemption on to others. Beyond that, the general rule in New York for calculating taxable receipts for sale of a service does not permit deduction for expenses (Tax Law § 1101 [b] [3]) regardless of their taxable status (20 NYCRR 526.5 [e]; *Matter of Penfold v State Tax Commn.*, 114 AD2d 696, 697).

Determinations confirmed, and petitions dismissed, without costs. Mahoney, P. J., Kane, Yesawich, Jr., Levine and Mercure, JJ., concur.