■ In the Matter of TONAWANDA TANK TRANSPORT SERVICE, INC., Petitioner, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents.—Harvey, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

The facts are relatively undisputed. Petitioner is a New York corporation engaged in the business of hazardous waste transportation, a business that is subject to special governmental regulations. Petitioner's business consists of transporting hazardous waste in vehicles designed for that purpose from a number of different hazardous waste generators to a number of different disposal facilities. In most situations, petitioner is contacted by the waste-generating facility and a time for disposal of the waste is agreed upon. The waste is then generally loaded onto petitioner's vehicles by the waste

generator's employees, although occasionally petitioner's employees load the vehicles themselves. Once the waste is loaded, it is petitioner's responsibility to drive the vehicle from the waste generator's facility to the disposal facility where it is unloaded by disposal facility personnel. For these services, petitioner charged its customers a freight charge and a load detention charge, which is an hourly charge for the amount of time it took to load the waste.

Following an audit of petitioner's operation by the Audit Division of the Department of Taxation and Finance (hereinafter the Division), it was determined that petitioner was engaged in the taxable service of trash removal from buildings pursuant to Tax Law § 1105 (c) (5). Accordingly, petitioner was issued a notice of determination and demand for payment of sales and use taxes due in the amount of $26,418 plus interest for the period of March 1, 1982 through August 31, 1985. Petitioner thereafter filed a timely request for administrative review of the determination. A hearing was held after which the Administrative Law Judge upheld the determination. Petitioner excepted and, ultimately, respondent Tax Appeals Tribunal denied petitioner's exception and sustained the determination. The commencement of this proceeding followed.

We confirm. Tax Law § 1105 (c) (5) imposes a sales tax on the receipts from the sale of services that maintain, repair or service real property. The statute specifically sets forth and the regulations emphasize that trash or garbage removal is one kind of service that is taxable (Tax Law § 1105 [c] [5]; 20 NYCRR 527.7 [b] [2]). In challenging the Tribunal's determination, petitioner contends first that hazardous waste does not constitute "trash" or garbage under Tax Law § 1105 (c) (5). In the alternative, petitioner argues that even if hazardous waste can be considered trash, then petitioner's services do not constitute trash or garbage removal under the statute.

We disagree with both of these contentions. Petitioner cites no persuasive authority to support its contention that property must be abandoned by its owner before it can be considered trash. Notably, rather than labeling trash as abandoned property, the dictionary defines it as "something worth relatively little or nothing" (Webster's Third New International Dictionary 2432 [unabridged ed 1981]). This definition is consistent with the Court of Appeals implicit finding in *Matter of Rochester Gas & Elec. Corp. v State Tax Commn.* (71 NY2d 931) and *Matter of CECOS Intl. v State Tax Commn.* (71 NY2d 934) that hazardous waste was equivalent to "trash" under the Tax Law. Similar to the reasoning in both *CECOS* and

*Rochester Gas,* we also have no trouble in concluding that petitioner's activities in collecting, hauling and delivering hazardous waste "constitutes an integrated service taxable under the plain language of section 1105 (c) (5)" *(Matter of Rochester Gas & Elec. Corp. v New York State Tax Commn., supra,* at 934).

Petitioner attempts to distinguish this case from the situations presented in *CECOS* and *Rochester Gas* by pointing out that it does not operate a disposal facility like the petitioners in those cases. However, it is our view that transportation of a nonuseful product such as hazardous waste by itself is a taxable service under the statute *(cf., Matter of Rochester Gas & Elec. Corp. v New York State Tax Commn., supra,* at 934; *Matter of CECOS Intl. v State Tax Commn., supra,* at 936). The purpose of the statute is to tax all services that are used to maintain real property (Tax Law § 1105 [c] [5]) and the scope of taxable services defined in the regulations broadly includes *"[a]ll services* of trash or garbage removal * * * whether from inside or outside of a building or vacant land" (20 NYCRR 527.7 [b] [2] [emphasis supplied]). Since removing hazardous waste is necessary to maintain real property and transportation of the waste is an integral part of the removal process, the Tribunal's determination that petitioner performed taxable services in the applicable period was rational.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.