# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  March 5, 2015                          517504
_____

In the Matter of EXXON MOBIL
    CORPORATION,
                        Petitioner,

          v                                    MEMORANDUM AND JUDGMENT

STATE OF NEW YORK TAX APPEALS
    TRIBUNAL et al.,
                        Respondents.
_____

Calendar Date:  January 12, 2015

Before:  McCarthy, J.P., Lynch, Devine and Clark, JJ.

_____

        McCarter & English, LLP, New York City (David J. Shipley of
counsel), for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (Robert M.
Goldfarb of counsel), for Commissioner of Taxation and Finance,
respondent.

_____

Clark, J.

        Proceeding pursuant to CPLR article 78 (initiated in this
Court pursuant to Tax Law § 2016) to review a determination of
respondent Tax Appeals Tribunal which, among other things,
sustained a sales and use tax assessment imposed under Tax Law
articles 28 and 29.

        At all relevant times, petitioner owned, operated or was
responsible for environmental concerns at numerous facilities in
New York where petroleum was used.  The Department of Taxation
and Finance conducted an audit of petitioner, after which it
issued a notice of determination finding that petitioner owed

approximately $500,000 in sales tax on payments made to contractors from 2000 through 2004. Specifically, those payments were made for required testing and monitoring on properties affected by petroleum spills. Petitioner challenged the notice of determination and, following a hearing, an Administrative Law Judge upheld it. Respondent Tax Appeals Tribunal thereafter affirmed. Petitioner commenced this CPLR article 78 proceeding seeking review of the Tribunal's determination, and we now confirm.

Tax Law § 1105 (c) (5) imposes a sales tax on purchases of services related to "[m]aintaining, servicing or repairing real property, property or land . . . as distinguished from adding to or improving such real property, property or land, by a capital improvement." 20 NYCRR 527.7 (a) (1) further defines "[m]aintaining, servicing and repairing" as "all activities that relate to keeping real property in a condition of fitness, efficiency, readiness or safety or restoring it to such condition." Petitioner asserts that the monitoring and testing services paid for here were not taxable, as they were only intended to ascertain the condition of the affected property and not to remediate the petroleum spills. We disagree.

Under well-established principles of law, "an agency's interpretation of the statutes it administers must be upheld absent demonstrated irrationality or unreasonableness" (Lorillard Tobacco Co. v Roth, 99 NY2d 316, 322 [2003] [internal quotation marks and citation omitted]; accord Matter of Xerox Corp. v New York State Tax Appeals Trib., 110 AD3d 1262, 1264 [2013]; Matter of Island Waste Servs., Ltd. v Tax Appeals Trib. of the State of N.Y., 77 AD3d 1080, 1082 [2010], lv denied 16 NY3d 712 [2011]). Petitioner points out that no deference will generally be afforded to administrative agencies in matters of pure statutory interpretation (see Matter of O'Brien v Spitzer, 7 NY3d 239, 242 [2006]; Matter of Xerox Corp. v New York State Tax Appeals Trib., 110 AD3d at 1264). Inasmuch as the present case involves the specific application of broad statutory language, however, deference to the agency that is charged with administering the statute is appropriate (see Matter of Xerox Corp. v New York State Tax Appeals Trib., 110 AD3d at 1264; Matter of Island Waste Servs., Ltd. v Tax Appeals Trib. of the State of N.Y., 77 AD3d at

1082; compare Matter of Michael A. Goldstein No. 1 Trust v Tax Appeals Trib. of the State of N.Y., 101 AD3d 1496, 1497 [2012], lv denied 21 NY3d 860 [2013]). Contrary to petitioner's further assertion, the burden rested upon it to establish that the specific sales at issue here were not taxable (see Tax Law § 1132 [c] [1]; Matter of Cecos Intl. v State Tax Commn., 71 NY2d 934, 937 [1988]; compare Matter of Building Contrs. Assn. v Tully, 87 AD2d 909, 910 [1982] [challenge to regulatory provision imposing sales tax on specified sales of services]).

As this Court and the Court of Appeals have "noted, both the statute and regulation contain broad language" (Matter of Island Waste Servs., Ltd. v Tax Appeals Trib. of State of N.Y., 77 AD3d at 1082; see Matter of Rochester Gas & Elec. Corp. v New York State Tax Commn., 71 NY2d 931, 933-934 [1988]). The removal of hazardous waste from a property constitutes a taxable maintenance service and, indeed, petitioner does not dispute that a purchase of services related to the remediation of spilled petroleum is taxable (see Matter of Island Waste Servs., Ltd. v Tax Appeals Trib. of State of N.Y., 77 AD3d at 1082; Matter of Tonawanda Tank Transp. Serv. v Tax Appeals Trib. of State of N.Y., 168 AD2d 748, 750 [1990]). Petitioner claims that the services at issue here are not related to the improvement of property affected by a petroleum spill, but that claim is not borne out by the record. Petroleum discharges are prohibited in New York and, when a spill occurs, petitioner is obliged to notify the Department of Environmental Conservation and may coordinate with that Department to remediate the spill (see Navigation Law §§ 173, 175, 176 [7]). Petitioner is required to conduct an environmental investigation of the spill area, including the monitoring and testing services at issue here, as part of its remediation effort. While an active cleanup of a spill site is not required in every case, the same monitoring and testing procedures are always employed, and it may take years for those procedures to reveal what type of remediation is required. Moreover, if active remediation is conducted, further monitoring and testing is required to ensure that the remedial system may be safely removed. Under these circumstances, there was nothing irrational in the finding that the monitoring and testing services at issue constituted an "integral part of the" taxable remediation efforts, even if they

were billed separately (Matter of Tonawanda Tank Transp. Serv. v Tax Appeals Trib. of State of N.Y., 168 AD2d at 750; see Matter of Cecos Intl. v State Tax Commn., 71 NY2d at 936; Matter of Penfold v State Tax Commn. of State of N.Y., 114 AD2d 696, 697 [1985]). As a result, the Tribunal properly found them to be taxable services under Tax Law § 1105 (c) (5), to wit, "activities that relate to keeping real property in a condition of fitness, efficiency, readiness or safety or restoring it to such condition" (20 NYCRR 527.7 [a] [1]; see Matter of Island Waste Servs. v Tax Appeals Trib. of State of N.Y., 77 AD3d at 1083; Matter of Tonawanda Tank Transp. Serv. v Tax Appeals Trib. of State of N.Y., 168 AD2d at 750).[1]

Petitioner's remaining arguments have been considered and found to be lacking in merit.

McCarthy, J.P., Lynch and Devine, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court

---

[1] The Tribunal noted its belief that all services related to "cleanup" of a petroleum spill, as that term is used in the Navigation Law, were taxable under Tax Law § 1105 (c) (5) (see Navigation Law §§ 172 [4], [5]; 176; State of New York v Neill, 17 AD3d 802, 803 [2005], appeal dismissed 5 NY3d 823 [2005]). We need not, and do not, resolve that broader question because the Tribunal found that the specific activities here were taxable under Tax Law § 1105 (c) (5), even without reference to the Navigation Law.