Matter of Prima Asphalt Concrete, Inc. v New York State Tax Appeals Trib. (2018 NY Slip Op 04411)





Matter of Prima Asphalt Concrete, Inc. v New York State Tax Appeals Trib.


2018 NY Slip Op 04411


Decided on June 14, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 14, 2018

525082

[*1]In the Matter of PRIMA ASPHALT CONCRETE, INC., Petitioner,
v
NEW YORK STATE TAX APPEALS TRIBUNAL et al., Respondents.

Calendar Date: May 2, 2018

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Rumsey, JJ.


Wickham Bressler & Geasa, PC, Mattituck (Eric J. Bressler of counsel), for petitioner.
Barbara D. Underwood, Attorney General, Albany (Patrick A. Woods of counsel), for Commissioner of Taxation and Finance, respondent.


Lynch, J.

MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal sustaining sales and use tax assessments imposed under Tax Law articles 28 and 29.
Petitioner manufactures and sells asphalt to customers who pick up the material at its facility. Generally, the asphalt is sold at a posted price and the amount sold is determined by weighing a customer's truck before and after the asphalt is loaded into the truck. A ticket is generated for the transaction, stating the customer's name and project, and entered
into a computer system to generate bimonthly invoices for the customer. To promote sales, petitioner offered customers a volume discount that would apply if a customer purchased a defined quantity of material over a specific period of time, typically one or two years. If the customer met those terms, a retroactive discount would be applied to its entire order, resulting in a credit to the purchase price and a downward adjustment of the sales tax due. If the customer failed to meet the terms, however, no discount would be given.
Following an audit and conciliation conference, the Department of Taxation and Finance determined that petitioner could not reduce its sales tax liability through the retroactive volume discount and assessed a sales tax deficiency of $223,185.53. Petitioner filed a petition for redetermination with the Division of Tax Appeals. Following an administrative hearing, an Administrative Law Judge sustained the tax assessment. Petitioner filed an exception and, [*2]following oral argument, respondent Tax Appeals Tribunal upheld the Administrative Law Judge's determination. Petitioner then commenced this CPLR article 78 proceeding challenging the Tribunal's determination, and we now confirm.
Petitioner essentially maintains that the sales tax should be based on the ultimate price charged to the customer, once the volume discount is applied or the time limit for performance expires. We are not persuaded. Our scope of review is limited to whether the Tribunal's determination "has a rational basis and is supported by substantial evidence" (Matter of HDV Manhattan, LLC v Tax Appeals Trib. of the State of N.Y., 156 AD3d 963, 965 [2017]). Because "the present case involves the specific application of broad statutory language, . . . deference to the agency that is charged with administering the statute is appropriate" (Matter of Exxon Mobil Corp. v State of N.Y. Tax Appeals Trib., 126 AD3d 1059, 1060 [2015], lv denied 25 NY3d 912 [2015]).
There is no dispute that the asphalt sale is subject to sales tax. As relevant here, Tax Law § 1105 (a) imposes a tax on "[t]he receipts from every retail sale of tangible personal property." A "receipt" is defined as "[t]he amount of the sale price of any property . . . without any deduction for . . . early payment discounts" (Tax Law § 1101 [b] [3]; see 20 NYCRR 526.5 [a] [d] [1]). "By statute, sales taxes are due in full at the time of the taxable transaction, which is completed upon the transfer of title or possession of the tangible personal property to the customer" (Matter of General Elec. Capital Corp. v New York State Div. of Tax Appeals, Tax Appeals Trib., 2 NY3d 249, 258-259 [2004], citing Tax Law §§ 1101 [b] [3]; 1105 [a]). As explained in the governing regulations, because "the sales tax is a 'transactions tax,' with the liability for the tax occurring at the time of the transaction[,] . . . the tax becomes due at the time of transfer of title to or possession of (or both) the property" (20 NYCRR 525.2 [a] [2]). Here, the customer takes possession at the facility once the truck is loaded. At that point, sales tax is based on the charged amount, and petitioner consistently issues bimonthly invoices to its customers for that posted amount. This is not a transaction in which the customer is accorded a volume discount at the point of sale, as authorized by 20 NYCRR 526.5 (d) (2). To the contrary, whether petitioner's customers earn a volume discount depends on future events.
Petitioner urges us to construe the retroactive volume discount as a "continuing transaction" as recognized by the Ohio Supreme Court in Columbus S. Lumber Co. v Peck (159 Ohio St 564, 568, 113 NE2d 1, 4 [1953]). We decline to do so, for New York law defines sales taxes as transactional and not necessarily tied to the ultimate price paid by the consumer (see 20 NYCRR 525.2 [a] [2]; Matter of General Elec. Capital Corp. v New York State Div. of Tax Appeals Tax Appeals Trib., 2 NY3d at 258-259). Nor does petitioner's proposal fit within any of the recognized statutory exemptions (see Tax Law § 1132). Accordingly, we conclude that the Tribunal's determination was rational and supported by substantial evidence.
Egan Jr., J.P., Clark, Mulvey and Rumsey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.